PHILLIPS *v.* SOUTHWESTERN TELEGRAPH & TELEPHONE COMPANY

Opinion delivered June 11, 1904.

1. COMPLAINT—DEFECT—REMEDIES.—For a complaint defective in form merely, the remedy is a motion to make it more certain; for one defective in substance, the remedy is a demurrer. (Page 483.)

2. SAME—CONCLUSION OF LAW.—A complaint alleging that a telephone company had discriminated against plaintiff, without stating the facts constituting the discrimination, states merely a conclusion of law, and is demurrable. (Page 484.)

3. TELEPHONES—APPLICATION FOR CONNECTION—DISCRIMINATION.—Under Acts 1885, c. 107, § 11, providing that telephone companies shall supply all applicants for telephone connection without discrimination, and imposing a penalty for each day's continuance of such discrimination, a complaint which alleges that defendant telephone company failed to furnish plaintiff with telephone connection after repeated application therefor, and "that, by reason of the aforesaid discrimination and refusal, defendant has incurred a penalty under the provisions of the statute," fails to state a cause of action. (Page 484.)

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

Action by D. L. Phillips against Southwestern Telegraph & Telephone Company. Judgment for defendant. Plaintiff appeals. Affirmed.

## STATEMENT BY THE COURT.

The appellant brought this action against the appellee, and filed the following complaint, which, omitting formal parts, is as follows: "Plaintiff alleges that he is a citizen of the city of Little Rock, and resides at Sixth and Battery streets, in said city. That the defendant is a corporation organized under the laws of the state of Arkansas, and is engaged in operating a telephone exchange in the city of Little Rock, in said state, and in furnishing the citizens thereof with telephone connections with the central office or exchange maintained by said defendant, so as to give the citizens of said city who are subscribers to said exchange, facilities for communicating by telephone with all other subscribers thereto. That, by the provisions of the statute of this state, it is made the duty of every telephone company doing business in this state to supply all applicants for telephone connection and facilities without discrimination or partiality, provided such applicants comply with the reasonable regulations of the company, under a penalty of one hundred dollars ($100) for each day such discrimination and refusal shall continue after the compliance of the applicant with the reasonable regulations of the company, and time to furnish the same has elapsed, to be recovered by the party whose application is so neglected and refused. That on the 1st day of June, 1899, plaintiff applied to the defendant to supply him with telephone connection at his aforesaid residence, and at the request of defendant made application therefor in writing, in compliance with defendant's rules and regulations in that behalf, and then and there offered to pay defendant in advance for the use of said telephone for one month, or for such other time as said company should require. That defendant received plaintiff's application, and informed him that the telephone would be placed in his residence about the 1st of July.

"That on or soon after the 1st of July, the defendant having failed to place a telephone in his residence, plaintiff called defendant's attention to said failure, and to the fact that it was putting him to inconvenience, and defendant thereupon assured

plaintiff that he should be supplied in accordance with his application within a short time. That, defendant still not having supplied him with telephone connection, plaintiff again called and made application to defendant repeatedly and almost continuously from day to day and week to week from on or about the 1st day of July, 1899, until the middle of February, 1900, urging and insisting that defendant should supply him with telephone connection, and that defendant refused and neglected, and still refuses and neglects, to supply plaintiff with such connection. That by reason of the aforesaid discrimination and refusal on the part of the defendant to supply plaintiff with a telephone for his residence, as aforesaid, defendant has incurred a penalty under the provision of the statute of one hundred dollars ($100) for each and every day that has elapsed since the 1st day of July, 1899, and plaintiff prays for judgment against defendant for the aforesaid penalty, and for other and further relief."

To this complaint was interposed the following demurrer:

"Comes the defendant, the Southwestern Telegraph & Telephone Company, by W. J. Terry, its attorney, and demurs to the complaint filed herein, and for cause says: First. That said complaint does not state facts sufficient to constitute a cause of action. Second. That the statute under which said suit is brought is illegal and void."

On consideration this demurrer was sustained, and plaintiff, on his motion, was given time to file an amended complaint.

The first and second paragraphs of plaintiff's amended complaint were the same as the original complaint, except the prayer for judgment contained in the second paragraph of the original complaint, which is omitted in the amended complaint.

The third paragraph of the amended complaint is as follows:

"(3). For further cause of action, plaintiff alleges that on the 1st day of June, 1899, he applied to the defendant to supply him with telephone connection and facilities at his aforesaid residence, and at the request of defendant made application therefor in writing in compliance with defendant's rules and regulations in that behalf, and then and there offered to pay defendant for the use of said telephone, including said connection and facilities, for one month, or for such other time as said company should require. That defendant received plaintiff's application, and

informed him that his application would be complied with about the 1st of July thereafter. That on or about the 1st of July, the defendant having failed to furnish him with telephone connection and facilities in his residence, as aforesaid, the plaintiff called defendant's attention to said failure, and to the fact that it was putting him to inconvenience, and defendant thereupon assured plaintiff that he should be supplied in accordance with his application within a short time. That, defendant still not having supplied him with telephone connection and facilities, as aforesaid, plaintiff again called and made appliction to defendant repeatedly and almost continuously, from day to day and week to week, from on or about the 1st of July, 1899, until the middle of February, 1900, urging and insisting that defendant should supply him with such telephone connection and facilities, and the defendant refused and neglected, and still refuses and neglects, to supply plaintiff with such connection and facilities. That by reason of the aforesaid discrimination and refusal on the part of the defendant to supply plaintiff with telephone connection and facilities, as aforesaid, defendant has incurred a penalty under the provisions of the statute of one hundred dollars ($100) for each and every day that has elapsed since the 1st day of July, 1899. Wherefore plaintiff prays judgment against the defendant for the aforesaid penalty, and for other and further relief."

To the amended complaint the following demurrer was interposed: "The defendant demurs to the amended complaint, and for cause says it does not state facts sufficient to constitute a cause of action." The demurrer was sustained, and plaintiff appealed.

*J. M. Moore* and *W. B. Smith,* for appellant.

The words of a statute are to be construed with reference to its subject-matter; if they are susceptible of several meanings, that one is to be adopted which best accords with the subject to which the statute applies. 10 Q. B. 504; Broom's Leg. Max. 593; 63 Tex. 301; 21 Wis. 502; 39 Ill. 96; 58 Ark. 113; 74 Pa. St. 42; 54 N. E. 514; 32 S. E. 469; 45 Ark. 391; 6 Wall. 395.

S C—16

*W. L. & W. J. Terry,* for appellee; *McLaurin & Wozencraft,* of counsel.

The penalty named in section 11 does not extend to the matter embraced in the first clause of said section. Endlich, Interpretation of Stat. § 414; 53 Fed. 911; 2 Daly, 67; Endlich, Interpretation of Stat. § § 11-19. Mere discrimination or inequality of prices was not actionable at common law. 28 Am. St. Rep. 142; 18 L. R A. 221; 26 Am. R. 731; 24 Ill. 322; 16 Am. R. 579; 64 Ark. 274; 24 Am. R. 731; 40 Fed. 183; 27 Fed. 532. Query: Is the Bell Telephone subject to the common-law doctrine applicable to common carriers? 23 Fed. 539; 47 Conn. 352; 47 Fed. 634; 50 Fed. 677; 66 Md. 399. Penal statutes should be strictly construed. 72 Ill. App. 575; 76 Me. 412; 87 Mo. 280; 40 Mich. 288; 36 Conn. 78; 30 N. C. 188; 8 Tenn. 99; 50 Ark. 80; 56 Ark. 226, 47; Black, Interpretation of Stat. 282; 77 Cal. 164; 64 Ark. 284. A general averment of discrimination, but no statement of a fact which shows any, is not sufficient. 40 Fed. 392; 37 Fed. 623; 38 Ark. 519; 5 N. E. 725; 106 Ind. 1. In a penal statute, the facts constituting the gravamen must be clearly and distinctly stated. 6 Ill. 30; 87 Mo. 278; 76 Me. 411. The special circumstances must be pleaded. 1 Blackf. 151; 72 Ill. App. 569; 30 N. C. 184; 45 Ark. 298; 36 Conn. 78; 7 Watts, 181; 28 N. C. 352; 40 Mich. 185; 38 Ark. 521; 68 Ark. 254.

*J. M. Moore* and *W. B. Smith,* for appellant in reply.

The act of 1885 prohibits discrimination by telephone companies. 7 Wall. 513; 23 Fed. 539. Appellee in a limited sense is a common carrier. 47 Fed. 633; 50 Fed. 677; 22 N. W. 237; 55 L. R. A. 139; 10 Am. St. 131. The common-law should be taken into consideration into the construction of the act. 44 Ark. 266. The complaint was sufficient. Sand. & H. Dig. § § 5754, 5764, 5769-5772; 31 Ark. 379, 657; 56 Ark. 391; 59 Ark. 629; 32 Ark. 311; 56 Ark. 603; 54 Ark. 289; 59 Ark. 215; 16 Wis. 534; 31 Ark. 663; 67 Ark. 194.

*W. L. Terry & W. J. Terry, McLaurin & Wozencraft,* for appellee in reply.

Punctuation is no part of the English language (98 Fed. 240), and a most fallible guide to interpretation. 11 Pet. 41; 27 L. R. A. 308. It may be used to aid. 43 Ohio St. 14; 105 U. S. 77; 93 Mass. 382; 14 Int. Enc. 667; 47 L. R. A. 310. The complaint did not state a cause of action. 32 Ark. 313; 56 Ark. 399; 56 Ark. 609; 53 Ark. 453.

HUGHES, J. (after stating the facts). This action is brought to recover the penalty imposed by the act of March 31, 1885, for discrimination against the plaintiff in failure by the telephone company to supply him at his residence with "telephone connections and facilities." Acts 1885, p. 176. The eleventh section of said act is as follows:

"Section 11. Every telephone company doing business within this state, and engaged in a general telephone business, shall supply all applicants for telephone connection and facilities without discrimination or partiality, provided such applicants comply or offer to comply with the reasonable regulations of the company, and no such company shall impose any condition or restriction upon any such applicant that are not imposed impartially upon all persons or companies in like situations; nor shall such company discriminate against any individual or company engaged in lawful business by requiring as condition for furnishing such facilities that they shall not be used in the business of the applicant, or otherwise, under penalty of one hundred dollars ($100) for each day such company continues such discrimination and refuses such facilities after compliance or offer to comply with the reasonable regulations and time to furnish the same has elapsed, to be recovered by the applicant whose application is so neglected or refused." Sand. & H. Dig. § 7335.

This court is of the opinion that the complaint fails to state any discrimination, and that the judgment of the circuit court in sustaining the demurrer is correct, and must be affirmed. Where a complaint states a cause of action defectively, it is not proper to seek to take advantage of it by demurrer, but it is proper to file a motion to correct the defect. Where the objection is to the form merely, a motion, and not a demurrer, is proper. But where the complaint is defective in substance—that is, does not state facts, in any form, sufficient to make a cause of action—a demurrer is proper.

The plaintiff does not allege that he was discriminated against. Had he done so, without stating the facts constituting the discrimination, it would have amounted only to a conclusion of law. *State* v. *Graham,* 38 Ark. 519; *Keith* v. *Freeman,* 43 Ark. 305. He merely alleges that the defendant refused and failed to supply him, at his residence, with telephone connection and facilities, after repeated application to it therefor. Then he says "that, by reason of the aforesaid discrimination and refusal, defendant has incurred a penalty under the provisions of the statute." This does not amount to a statement of facts constituting discrimination. It is only a statement of facts constituting a refusal to furnish telephone connection facilities, and we do not understand that this is actionable. In the case of *Ball* v. *Fulton County,* 31 Ark. 381, page 383, it is said: "The distinction between the failure to state a necessary fact to enable the plaintiff to recover, and a defective and uncertain statement of facts, should be kept in view. For the first cause the defendant should demur, and for the second he should move to make that more definite and certain which was improperly stated."

We are of the opinion that the demurrer in this case challenged the sufficiency in substance of the complaint to state a cause of action, and the judgment of the court in sustaining the demurrer to it is correct.

The judgment is affirmed, but with leave to plaintiff to amend his complaint, if he can lawfully do so, and if so advised; and this cause is remanded to the circuit court for further proceedings in accordance herewith.