## BEARDSLEY *v.* HILL.

### Opinion delivered December 23, 1907.

1. CLOUD ON TITLE—VOID TAX DEED.—A tax deed which describes the land sold as the "middle one-third part" of a certain tract of forty

acres fails to describe any land, and is no cloud upon the title of the true owner. (Page 8.)

2. SAME—RELIEF IN EQUITY.—Where a tax deed constitutes no cloud upon the true owner's title, equity will not interfere to set it aside, nor enjoin the grantee from attempting to sell under such title. (Page 8.)

Appeal from Howard Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*W. C. Rodgers,* for appellants.

1. Under a prayer for general relief, the court may grant any relief that the facts stated and proved will warrant, although it may be inconsistent with the special relief prayed. 76 Ark. 551; 41 Ia. 435; 61 Ia. 180; 29 Wash. 643; 63 Neb. 410; Pomeroy on Rem. § 11. The test of jurisdiction must be found in the allegations of the complaint, not in the answer or the evidence. 59 Ark. 86; 79 Ark. 172; 95 S. W. 804; 81 Ark. 296. Except the small portions of the land actually enclosed and in possession of appellees for a length of time sufficient to bar appellants, there is no color of title under which appellees can claim. The deed not only conveys no color of title, but it is absolutely void. 3 Ark. 18; 50 Ark. 484; 77 Ark. 570; 83 Ark. 196; 83 Ark. 334; 56 Ark. 172; 59 Ark. 460; 69 Ark. 357; 71 Ark. 211; 47 Cal. 427; 16 Ohio, 24; 2 N. D. 141; 26 Minn. 212; 15 Ohio, 134; 13 Wis. 641; 57 Ia. 320; 58 Mo. 518; 20 Cal. 595. Chancery surely has jurisdiction to grant the relief prayed for, in order to prevent a multiplicity of suits at law which are threatened by virtue of appellee Hill's claim of ownership and his expressed determination to sell; and, inasmuch as in an action at law the title to only such portions of the land as were actually occupied could be litigated, their remedy at law would not be complete, and plaintiffs are entitled to a decree in equity quieting their title and enjoining future clouds thereon. If a sale sought to be enjoined is such that, in an action of ejectment brought thereunder, the real owner would be required to produce evidence to defeat a recovery by his adversary, a complete case for equitable relief to prevent a cloud upon the title would exist. 15 Cal. 127; 43 Cal. 83; 86 Cal. 134; 122 Cal. 540; 54 Ala. 291; 65 Fed. 151;

43 Fed. 339; 1 High on Injunctions (4 Ed.), 373. In eject-
ment appellants would have to recover on the strength of their
own title, and not on the weakness of that of their adversary.
47 Ark. 215; *Id.* 413; 73 Ark. 199; 77 Ark. 244. Since in such
an action appellants would have to produce evidence to defeat
a recovery by the tortious possessor, they have a complete right
to resort to equity to prevent such a condition being brought
about. Chancery has the same jurisdiction to prevent the
clouding of a title that it has to remove a cloud already effected.
15 Cal. 127; 2 Ham. (Ohio) 471; 16 Ill. 117; 54 Ala. 291; 19
Ia. 305; 5 Paige, 493; 6 *Id.* 262; 47 N. H. 267; 110 N. Y. 7;
65 Fed. 151; 86 Cal. 134; 37 Ark. 511; 50 Miss. 363; 89 Wis.
28. Chancery, having acquired jurisdiction on one or more
grounds of equitable cognizance, can grant complete relief, both
legal and equitable. 77 Ark. 570; 33 Ark. 328; 14 Ark. 345;
31 Ark. 345; 14 Ark. 50; 15 Ark. 24; 37 Ark. 286; 30 Ark.
278; 37 Ark. 164; 48 Ark. 544; 81 Ark. 163.

*Sain & Sain, John S. Lake* and *W. S. McCain,* for appellees.

1. As to the land actually occupied and enclosed, appel-
lants' remedy was by ejectment. 44 Ark. 436; 74 Ark. 484.
Equity has no jurisdiction to grant relief to one who has a per-
fect legal title as against an adverse occupant. If the com-
plaint states a case of which a law court has jurisdiction, the
want of equity can only be raised by a motion to transfer. 32
Ark. 562; 37 Ark. 286.

2. As to the unoccupied land, appellants correctly state the
law to be that a tax-deed, void on its face, is no cloud (53 Ark.
549), and that appellants would not be entitled to have the deed
which appellee Hill received from the State cancelled, because it
describes no land and could not amount to a cloud on the land
claimed. As to this land the decree is, therefore, confessedly
correct. Under appellants' contention no cloud existed except
in the mind of appellee Hill, and that could not be the subject
of a decree in chancery. See 77 Ark. 527.

3. An action for slandering title must be brought at law,
and must rest upon an allegation of malice, just as in actions
for slandering character, and in this country chancery courts
have no jurisdiction of such actions. Townshend, Slander &
Libel, § 205 *et seq.*; 3 Pomeroy Eq. § 1358. See also 67 Ark.
413.

4. The description of the land in the deed was sufficient, in view of the facts that in a particular suit it has been laid out into strips running east and west, designated as the "south one-third," the "north one-third" and the "middle one-third," and these divisions had become established and were recognized in the community. 68 Ark. 546; 67 Ark. 150; 72 Ark. 496. The court may resort to extraneous circumstances to ascertain what was intended by the language employed in the deed. 28 Ark. 286. See also 28 Ark. 146; 73 Ark. 226.

BATTLE, J. This is a suit by Catherine A. Beardsley and W. C. Rodgers to enjoin and restrain J. B. Hill and others from conveying, selling, incumbering or otherwise interfering with the title and right of the plaintiffs in and to certain lands, to quiet the title of plaintiffs thereto, and for all other proper relief.

Lands were forfeited to the State of Arkansas for the non-payment of taxes for the year 1893 by the following descriptions: "Mid. 1-3 Pt. SE. NW. Sec. 26, Tp. 9 S., R. 27 west, 131 1-3 acres; Mid. 1-3 Pt. SW. NE. Sec. 26, Tp. 9 S., R. 27 West, 92-100 acres; W. 1-2 Mid. 1-3 Pt. SE. NE. SE. Sec. 26, Tp. 9 S., R. 27 west, 6 acres. The defendant, J. B. Hill, purchased lands according to such description from the State of Arkansas, and the State Land Commissioner conveyed the same to him by the same description. The defendants claim the land in controversy under such deed. This is the cloud plaintiffs seek to remove.

The court, upon hearing, found that there was no equity in the plaintiffs' complaint, and dismissed the same, and the plaintiffs appealed.

There is no relief sought against the defendants, except J. B. Hill and his wife. Appellants deny that they have been in possession. If it be conceded that the evidence adduced at the hearing shows that they have been in possession, we think it shows that they have acquired title by adverse possession for more than seven years before the bringing of this suit; for, if they had possession, it continued more than seven years, and all the concomitant circumstances show it was adverse. In saying what we have we do not decide that Hill or his wife is in possession, or has been.

But they, appellants, are not seeking to recover possession of the lands in this suit. They ask the court to quiet their title by cancelling the deed of the State to J. B. Hill, and to enjoin and restrain him from casting clouds upon their title by selling the land.

The deed of the State to Hill is void upon its face on account of a defective description of the lands. It describes no land, and is no cloud upon title. *Doe* v. *Porter,* 3 Ark. 18, 57; *Hershey* v. *Thompson,* 50 Ark. 484, 491; *Dickinson* v. *Improvement Co.,* 77 Ark. 570, 576; *Gannon* v. *Moore,* 83 Ark. 196, 198; *Woodall* v. *Edwards,* 83 Ark. 334; *Beardsley* v. *Hill,* 71 Ark. 211; *Cooper* v. *Lee,* 59 Ark. 460, 463; *Rhodes* v. *Covington,* 69 Ark. 357, 359.

"It is not an apparent title, nor does it *prima facie* create a right which the true owner, or even an occupant without title, of land must bring forward evidence to rebut." *Haggart* v. *Chapman & Dewey Land Company,* 77 Ark. 527, and cases cited.

The deed not being a cloud upon the title, a court of equity will not interfere to set it aside. See cases cited above. Neither will a court of equity interfere to. enjoin the sale of the land by Hill under such title to prevent a cloud. High on Injunctions, says: "It is difficult to establish any exact test which will be applicable in all cases to determine what constitutes such a cloud upon title as to authorize a court of equity to interfere for its prevention. It has been held, however, that if the sale or conveyance which it is sought to restrain is such that in an action of ejectment brought thereunder the real owner of the property would be obliged to offer evidence to defeat a recovery, then such a cloud would be raised as to warrant the interference of equity. Upon the other hand, if under the levy and sale a purchaser would not acquire even an apparent title to the premises, the execution being against one who had no title, so that the purchaser in an action of ejectment could not recover upon his own showing, and defendant in ejectment would not be put to proof to defeat the action, an injunction will not lie." High on Injunction (4th Ed.), § 373; and the following cases cited by appellant to the same effect: *Pixley* v. *Huggins,* 15 Cal. 127; *Lick* v. *Ray,* 43 Cal. 83; *Roth* v. *Insley,* 86 Cal. 134; *Chase* v. *Treasurer,* 122 Cal. 540; *Rea* v. *Longstreet,* 54 Ala.

291; *Gregg* v. *Sanford,* 65 Fed. 151; *McConnaughy* v. *Pennoyer,* 43 Fed. 339.

To apply the test in this case, suppose the appellants were in possession of the lands in controversy, and a purchaser from Hill, appellee, should bring an action of ejectment against them to recover the land, would it be necessary for them to adduce evidence to defeat a recovery? Certainly not. Plaintiffs in actions of ejectment or other real actions can recover only upon the strength of their own titles, and not upon the weakness of their adversary's. For possession is always *prima facie* evidence of title, and a party cannot be deprived of his possession by any person but the rightful owner, who has the *jus possessionis.* The defendant, therefore, need not show any title in himself until the plaintiff has shown some right to disturb his possession. *Dawson* v. *Parham,* 47 Ark. 215, 218; *Apel* v. *Kelsey,* 47 Ark. 413, 418; *Nix* v. *Pfeiffer,* 73 Ark. 199, 201; *Beardsley* v. *Hill,* 77 Ark. 246.

This he could not do in the case supposed; for to do so he must at least show that his grantor held *prima facie* evidence of title, that is to say, the deed under which he holds is *prima facie* evidence of title. This he could not do; and the appellants would not be required to adduce any evidence of title unless other and independent evidence of right of possession should be adduced by the plaintiff.

So, upon the whole case, we conclude that the decree of the court should be affirmed, and it is so ordered.