PARAGOULD TRUST COMPANY *v.* WILLCOCKSON.

Opinion delivered December 6, 1915.

1. PLEADING AND PRACTICE—FAILURE OF COMPLAINT TO STATE A CAUSE OF ACTION—DEMURRER.—Where a complaint is defective in substance and does not state facts in any form sufficient to make a cause of action, a demurrer is proper.

2. FRAUD—EXECUTION OF NOTE—SUFFICIENCY OF COMPLAINT.—Plaintiff purchased a note signed by defendant and other parties, but defendant's name had a line drawn through it. Plaintiff brought an action against defendant alleging that defendant signed the note, inducing others to do the same, and that his signature was thereafter canceled. *Held,* there being no allegation that defendant was a party to a forgery, fraud or conspiracy to sell and dispose of worthless paper, that the complaint was bad on demurrer.

Appeal from Greene Circuit Court; *W. J. Driver,* Judge; affirmed.

*R. P. Taylor,* for appellant.

1. The complaint and amendment each states a different cause of action. It is not demurrable. The striking of a name from a negotiable note does not always release from liability. It may be by consent or a spoliation by a stranger. The mere fact of an erasure does not *per se* raise a presumption of invalidity. 69 Ark. 140; 30 *Id.* 285; 102 *Id.* 302; *Ib.* 287; 96 *Id.* 163; 91 *Id.* 400. Every reasonable intendment must be indulged in support of the view that the complaint states a cause of action.

2. The demurrer admits that Kimmel and Willcockson agreed to, and did commit a forgery by altering a writing to the prejudice of another's rights. It was a

conspiracy.  5 Ark. 349; 32 *Id.* 166; 8 Cyc. 620; 20 Ark. 225; Cooley on Torts, § § 127-133; 3 Wils. 403; 6 Bingh. 716.

*Block & Kirsch,* for appellees.

1.  The demurrer was properly sustained as the complaint stated no cause of action.  136 Mich. 639; 99 N. W. 879.

2.  No cause of action sounding in tort was stated. Only facts well pleaded are admitted on demurrer; conclusions of law never.  43 Ark. 296; 57 *Id.* 284; 72 *Id.* 478.

SMITH, J.  Appellant brought suit in the court below on a promissory note, the face of which reads as follows: "$800.00.                    Walcott, Ark., April 10, 1911.

"On January 1, 1912, after date, we promise to pay to the order of M. M. Kimmel eight hundred dollars, **for** value received, without any relief whatever from valuation or appraisement laws, with 10 per cent. interest from date until paid, and attorneys' fees.

Mack Potter,
J. E. Newberry,
W. P. Ryan,
W. L. Cline,
W. T. Crowley,
W. A. Arnold,
~~R. A. Willcockson,~~
~~W. C. Willcockson.~~"

The original suit was brought against only those signers whose names are not stricken out.  Subsequently the Willcocksons were made parties defendant by the filing of proper pleadings.  R. A. Willcockson died, and there has been no revivor of the action.  As to all other defendants than W. C. Willcockson, the cause has been dismissed.  The original complaint was as follows:

"The plaintiff, Paragould Trust Company, a corporation under the laws of the State of Arkansas, for its amended complaint against the defendants, W. L. Cline, W. T. Crowley, W. A. Arnold, Mack Potter, W. P. Dennis, J. E. Newberry, W. C. Ryan, W. C. Willcockson and R. A. Willcockson, states to the court:

"On the 10th day of April, 1911, said defendants made, executed and delivered to M. M. Kimmel their promissory note in the sum of eight hundred dollars ($800), due January 1, 1912, drawing interest at the rate of 10 per cent. per annum from date till paid. Said M. M. Kimmel afterward, for value, endorsed and delivered said note to the plaintiff. Copy of said note is the same as attached to the original complaint herein, except that the names of the defendants, W. C. Willcockson and R. A. Willcockson, appear signed to said note and stricken out. The original note is held subject to the orders of the court. Payments have been made as shown by exhibit to original complaint.

"Wherefore, etc."

And the amendment to the complaint is as follows:

"The plaintiff, Paragould Trust Company, for amendment to its complaint against the defendant, W. C. Willcockson, states to the court:

"M. M. Kimmel, the payee in said note and indorser thereof to plaintiff, prior to the execution of said note, entered into an agreement with said Willcockson, whereby the latter was to attach his signature to said note prior to the signing thereof by the remaining defendants, and as an inducement to them to sign; it being further agreed that after the consummation of this purpose, the name of said Willcockson should be stricken from said note. The fraudulent scheme which the making and consummation of said wrongful and unlawful agreement was designed to promote was further carried into effect by the sale by said Kimmel of said note to plaintiff upon the representation that said note was a valid and subsisting liability as against the defendants whose names are not stricken from said note, to plaintiff's injury in the amount due on said note as compensatory damages and five hundred dollars ($500) as punitive damages. The existence and perpetration of said fraudulent scheme did not become known to plaintiff until after the filing of the original complaint herein.

"Wherefore, etc."

To the complaint and the amendment thereto a formal demurrer was filed, which was sustained by the court, and the judgment pronounced thereon recites that "Whereupon, plaintiff announces that it stands upon said amended complaint and amendment thereto, voluntarily dismisses this action as to the defendants other than said W. C. Willcockson and declines to plead further." Whereupon, the complaint was dismissed and this appeal is prosecuted to reverse the action of the court in sustaining said demurrer.

It is insisted that the pleadings should be treated as constituting a cause of action in two counts, the first being a suit to enforce a contractual liability, and the second an action for tort in fraudulently erasing the names of the Willcocksons from the note, and that each cause of action should be considered on its own merits without regard to what may be alleged in support of the other. But we think appellants' cause of action is stated in the pleadings, when considered as a whole, and that the effect of the allegations of the amendment to the complaint is such that no cause of action is stated in the pleadings unless it be for the tort committed in fraudulently erasing the names of the Willcocksons and in conspiring with Kimmel to put in circulation an invalid piece of paper. The amendment to the complaint alleges that the names of the Willcocksons were stricken from this note with the consent of the payee, and that it was understood at the time they signed it that they were not to be bound by their signatures, and, this being the case, there was, of course, no obligation on their part to discharge the note. The effect of this agreement upon the liability of the other makers of the note is not involved in this case, as the cause of action has been voluntarily dismissed as to them.

It is earnestly insisted that appellee Willcockson is liable to the bank under the allegations of the amendment to the complaint. That the amendment alleges the commission of a tort in fraudulently forging paper and causing it to be placed in circulation, and that Kimmel and Willcockson formulated and promoted a conspiracy for the purpose of perpetrating the exact manner of fraud

which was in fact later on carried into execution. But the majority of the court are of the opinion that the allegations of the complaint are not sufficiently broad to charge Willcockson with responsibility for, or connection with, the action of Kimmel in selling and transferring the note to the appellant bank.

(1)  In the case of *Phillips* v. *Southwestern Telegraph & Telephone Co.*, 72 Ark. 478, a demurrer had been sustained to the complaint, and it was there insisted that a cause of action had been stated, although it might have been done defectively.  The court there announced the rule for the construction of such pleadings as follows: "Where a complaint states a cause of action defectively, it is not proper to seek to take advantage of it by demurrer, but it is proper to file a motion to correct the defect. Where the objection is to the form merely, a motion, and not a demurrer, is proper. But where the complaint is defective in substance, that is, does not state facts in any form sufficient to make a cause of action, a demurrer is proper."

(2)  The majority are of opinion that, when this complaint has been so construed, it must be held that there is no averment that Willcockson agreed that the note should be represented as valid, as against the remaining makers, and that there is no averment that he agreed that it should thereafter be negotiated to appellant, or to any on else, but that the allegations are only that appellee signed the note to induce others to do so, when his name should be cancelled, and that this allegation is not sufficient to charge appellee with being a party to a forgery or to a conspiracy, to sell and dispose of a worthless piece of paper, and are insufficient to charge Willcockson with responsibility for any false or fraudulent representation which Kimmel may have made to induce the appellant bank to purchase the note in question.  And the judgment of the court below is, therefore, affirmed.