### SHOOP *v.* BAKER.

### Opinion delivered November 20, 1916.

1. BILLS AND NOTES—LIABILITY OF INDORSER—DEBT OF MAKER.—Where A. loaned money to B.; and C. endorsed the same, C. will be liable only on the note, and A. cannot bring an action against him until the note is due.
2. BILLS AND NOTES—FRAUD—JURY QUESTION.—Whether defendant was induced by fraud to sign a note, is a question for the jury.

Appeal from Crawford Circuit Court; *Jas. Cochran*, Judge; reversed.

#### STATEMENT BY THE COURT.

Appellee brought this action against the appellants, C. D. Shoop and W. S. Shoop.

Appellee testified that the defendants below were indebted to him in the sum of $75 and interest, for money loaned; that Simon Shoop wanted to borrow the money, but appellee would not loan to Simon unless C. D. would sign with him. C. D. Shoop said to go ahead and let Simon have the money, and he (C. D.) would mortgage his mules for it. Appellee let Simon have the money upon the faith of C. D. Shoop's promise. C. D. Shoop afterward refused to sign the mortgage, but did sign a note for the money. The note was also signed by one W. N. Shoop and Frank Jack. The note was not due when the suit was commenced, and appellee sued upon the debt, and not upon the note.

C. D. Shoop testified as follows: "I did not borrow any money from the plaintiff. The plaintiff and my brother wanted me to give a mortgage upon my team as a security for money that he was about to loan my brother. I never did agree to sign myself, but did tell them that he could go ahead and give a mortgage on my mules if Simon would also mortgage his wife's cow for the amount. They came back and wanted me to sign the mortgage after Mr. Baker had loaned my brother the money. I refused to do so unless his wife would put her cow in the mortgage. She refused and I did not sign the mortgage. Then they got my father and Frank Jack to sign a note, and with all of them on the note, I signed it. It was not my debt. I signed the note in good faith.

W. N. Shoop testified that appellee came to him and wanted him to sign a note for seventy-five dollars, saying that he would not hold witness responsible, but only wanted witness to sign so that he could get C. D. Shoop on the note. Witness signed it under a written agreement between himself and the appellee that witness was not to be responsible on the note. The written agreement was read in evidence.

The appellee being recalled, testified that he knew that Simon Shoop was not responsible; that he let Simon have the money solely upon C. D. Shoop's credit.

Among others, the court instructed the jury as follows: "Baker does not sue upon the note, but does sue upon the account. If Mr. Baker had a valid note and there was no fraud with certain parties, then of course if the note was not due at the time suit was brought, he could not recover the cost in the case. Since that time the note has become due; he could recover upon the note if he was suing upon the note, but he is suing upon the original account that he says Dan Shoop stood for, and he let Simon Shoop have the money upon Dan Shoop's credit. If that is true, you ought to give judgment for Mr. Baker against Dan Shoop; if it is not true, you ought not to give judgment against Dan Shoop.

The appellant excepted to the giving of the instruction. The verdict and judgment were in favor of the appellee.

*C. A. Starbird,* for appellant.

1. The appellant was not liable and the court erred in giving instructions 2 and 4. 12 Ark. 174; 81 *Id.* 127. The undertaking was void and the note was not in suit and not due.

WOOD, J. (after stating the facts). The undisputed testimony shows that the contract between the appellee and the appellant for the loan of the $75 was evidenced by a promissory note, which was not due at the time the suit was instituted. There is no account between appellee and appellant for this note. The account was merged into the note, and the note must stand as the sole and only evidence of the contract between the parties.

The undisputed proof shows that at the time of the institution of this suit the note was not due. Hence, the suit was premature, and this action can not be maintained. It will be a question of fact for the jury in a suit upon the note to determine whether or not appellant was induced by fraud perpetrated upon him to sign the note. That might be grounds for cancellation of the note in a suit in equity for that purpose, or in a suit at law upon the note appellant might set up such fraud as a defense, but such fraud would not justify appellee, the payee of the note, in setting up his own fraud as a reason why he should repudiate the note and sue the appellant upon open account.

If appellant is liable at all, he is liable upon the note, which, as we have seen, is the only written evidence of the contract between appellant and appellee for the loan of the money. The instruction was erroneous and presented the case to the jury upon an erroneous theory. The judgment is therefore reversed and the cause dismissed.

HUMPHREYS, J., not participating.