HANCOCK *v.* SIMMONS.

5-345                                       265 S. W. 2d 537

Opinion delivered March 8, 1954.

*T. O. Abbott,* for appellant.

*Silas W. Rogers,* for appellee.

GEORGE ROSE SMITH, J. This was originally a suit filed by the appellee to cancel a deed upon the ground that it was a forgery. By answer the appellants, husband and wife, denied the charge of forgery and asked that the husband's title be quieted. When the case came on for trial the plaintiff elected to take a nonsuit. The defendants then insisted that their answer was in fact a cross-complaint, entitling them to a trial in spite of the plaintiff's decision to dismiss her complaint. Ark. Stats. 1947,

§ 27-1407. The trial court held that the answer did not constitute a cross-complaint; so there was no issue before the court for trial. That is the only question presented by this appeal.

In her complaint the plaintiff alleged that in 1937 there was filed for record a forged deed which purported to be a conveyance by the plaintiff to J. A. Hancock's first wife. It was further stated that after the death of the first Mrs. Hancock the couple's surviving daughter deeded the property to her father, the defendant J. A. Hancock. The plaintiff asked that the forged deed be cancelled.

To this complaint Hancock and his present wife filed an answer which denies that the 1937 conveyance was a forgery. This pleading asserts that the deed in question was genuine, admits the later conveyance by the Hancocks' daughter, and prays that the complaint be dismissed for want of equity and that the title be quieted and confirmed in J. A. Hancock.

Inasmuch as the plaintiff's complaint has been withdrawn, the question is really whether the defendants' answer states an affirmative cause of action that would be good against demurrer. In determining this question we must be governed by the *facts* that the pleading alleges. *Phillips* v. *Southwestern Tel. & Tel. Co.*, 72 Ark. 478, 81 S. W. 605. "We have held that the statement of facts in a complaint or cross-complaint, and not the prayer for relief, constitutes the cause of action." *Grytbak* v. *Grytbak*, 216 Ark. 674, 227 S. W. 2d 633.

Taken alone, the appellants' answer alleges no facts entitling J. A. Hancock to a decree quieting his title. This pleading, even when construed liberally, states merely that the first Mrs. Hancock purchased the land from the plaintiff, that the deed was genuine, and that the title has now passed to J. A. Hancock. In short, the answer avers in substance that J. A. Hancock has a perfect title to the property, and if this be true he certainly

has no basis for bringing suit against the appellee. *Cf.* *Lawrence* v. *Zimpleman,* 37 Ark. 643; *Beardsley* v. *Hill,* 85 Ark. 4, 106 S. W. 1169; Covington, Bills to Remove Cloud on Title and Quieting Title in Arkansas, 6 Ark. L. Rev. 83.

Affirmed.