KAROLEY *v.* REID.

5-1076                                        295 S. W. 2d 767

Opinion delivered November 12, 1956.

[Rehearing denied December 17, 1956.]

*B. W. Thomas* and *Richard W. Hobbs,* for appellant.

*Bailey, Warren & Bullion,* for appellee.

PAUL WARD, Associate Justice.   This is an appeal from an Order by the Pulaski Chancery Court, First Division, refusing to modify or change its former decree.

These same parties and subject matter were before this court in the case of *Karoley* v. *Reid,* 223 Ark. 737, 269 S. W. 2d 322.   Since all of the factual background is set forth in that case it will suffice here to make only a brief outline statement.

In the former opinion we held that the contract between the parties hereto (which contract is set out in full in that opinion) was valid and remanded the case

for further proceedings. In the original complaint Mrs. Karoley alleged that there was $3,000 due in back payments under the terms of the contract. Upon remand the case was retried upon the original complaint except that it was amended to show that there was $8,500 due on back payments.

Upon remand a hearing was held before the original chancellor. At the conclusion of this hearing on May 27, 1955 judgment was rendered in favor of appellant in the amount prayed for. This judgment, which appears in the record, contains, among other things, this finding by the chancellor; "that the relief prayed for by the plaintiff (appellant here) should be granted." Following the above, in the mandatory portion, the court gave appellant judgment for $8,500 together with interest thereon.

On September 12, 1955 appellant filed a motion before the chancellor who succeeded the original chancellor to reform the judgment entered on May 27th, in which motion she sought to have a judgment for specific performance. This motion was overruled on March 6, 1956 and appellant prosecutes this appeal.

It is our conclusion that the chancellor was correct in overruling appellant's motion to reform the judgment rendered on May 27, 1955. We have examined the complaint referred to above and it shows conclusively not to be a suit for specific performance, but only a suit to recover the back payments under the contract. The only statement which in any way referred to specific performance is in the prayer which reads as follows:

"Wherefore, plaintiff prays that the defendant be required to pay to the plaintiff any and all monies due pursuant to the terms of said contract and that the terms of said contract be, in all things, enforced specifically by this court; for costs and all proper relief."

Therefore the body of the complaint did not state a cause of action for specific performance, and the prayer did not supply the deficiency. In the case of *Hancock* v. *Simmons,* 223 Ark. 285 (at page 286), 265 S. W. 2d 537, we quoted with approval from a former decision of

this court the following: "We have held that the statement of facts in a complaint or cross-complaint, and not the prayer for relief, constitutes the cause of action."

Affirmed.