REID *v.* KAROLEY.

1557                                                      313 S. W. 2d 381

Opinion delivered May 26, 1958.

*Bailey, Warren & Bullion, Walls Trimble,* and *U. A. Gentry,* for appellant.

*Richard W. Hobbs & B. W. Thomas,* for appellee.

ED. F. McFADDIN, Associate Justice.   The Trial Court sustained the plaintiff's (appellee's) motion for judgment on the pleadings; and defendant (appellant) brings this appeal.   The ultimate question posed in the case is the effect of the appellant's bankruptcy discharge on the monthly payments claimed by the appel-

lee; but we cannot reach this ultimate question because we conclude that the Trial Court was in error in rendering a judgment for the plaintiff on the pleadings, and thereby refusing to hear the evidence.

In May 1956 Mary E. Karoley filed the present suit[1] against John D. Reid in the Chancery Court, alleging:

"That on or about the 13th day of November, 1951, plaintiff entered into a contract with the defendant, a copy of said contract appearing in the record of the case of *Mary E. Karoley* v. *John D. Reid* in the Pulaski County Chancery Court, Case No. 97073; said copy of contract referred to herein is made a part hereof as fully as though set out word for word herein . . .

"Plaintiff further states that the defendant has refused and failed to make any payments from March, 1955, up to and including May of 1956, and that there is now due and owing upon the said contract to the plaintiff the sum of $3,500.00."

The complaint prayed for judgment in the sum of $3,-500.00 with interest and costs. Reid filed an answer, and three amendments to the answer. The effect of the original answer was to admit a contract and the original delinquencies, but to plead Reid's bankruptcy as a release from all liability. In the amendments, Reid (1) denied that Karoley was entitled to any judgment; (2) pleaded Reid's discharge from bankruptcy as a release; and (3) denied that Karoley was still single and unmarried. With the record in this condition, the Trial Court, over Reid's objections, rendered judgment on the pleadings for Karoley for $6,250.00. On this appeal, we discuss three points.

I. *The Rule As To Judgment On The Pleadings.* The rule is well established that judgment on the pleadings can be rendered only when, after giving every reasonable intendment to the pleadings of the respondent,

---

[1] The briefs herein contain the statement that these same parties have been before this Court in two previous appeals: being *Karoley* v. *Reid*, 223 Ark. 737, 269 S. W. 2d 322; and *Karoley* v. *Reid*, 226 Ark. 959, 295 S. W. 2d 767. But the present litigation is not a reappearance of either of the former cases: this is a new case.

the pleadings still show on their face that the respondent has no defense. *Story* v. *Cheatham*, 217 Ark. 193, 229 S. W. 2d 121. In 41 Am. Jur. 520, in discussing a motion for judgment on the pleadings, the holdings of various jurisdictions are summarized in this language:

"Being in the nature of a demurrer, a motion for judgment on the pleadings raises an issue of law only . . . But it is proper where there is an entire failure to state a cause of action or defense. In a strict motion for judgment on the pleadings, parol evidence is not admissible.

"In determining the right of a party to a judgment on the pleadings, the real question to be determined is the sufficiency of the admitted facts to warrant the judgment rendered, and the materiality of those upon which issue is joined. A motion for judgment on the pleadings should be sustained when, under the admitted facts, the moving party would be entitled to judgment on the merits, without regard to what the findings might be on the facts on which issue is joined. The motion, however, is not favored by the courts; pleadings alleged to state no cause of action or defense will be liberally construed in favor of the pleader . . . If there is joined an issue of fact upon which, if supported by the evidence, a valid judgment may be based, a judgment on the pleadings is improper. The court cannot anticipate what the proof will show."

Measured by the foregoing,[2] it is apparent that the pleadings in the case at bar did not show that Karoley was single or that the amount of Reid's default was $6,250.00. It was admitted in oral argument before this Court that admissions outside of the record were made by the attorneys in the course of the hearing before the Trial Court and that it was these admissions which caused the Chancery Court to set the figure at $6,250.00 and to decide that Karoley was single. But these admissions were not in the pleadings; and we must test the correctness of a judgment on the pleadings by what ap-

---

[2] To the same effect as the quotation given, see 71 C. J. S. 861 *et seq.* "Pleadings" § 424.

pears in the pleadings and not by factual admissions outside the pleadings.

II. *Incorporation By Reference.* Furthermore, there is another defect in the judgment on the pleadings. The complaint attempted to incorporate by reference a contract, a copy of which is alleged to have been filed in another case in the Pulaski Chancery Court. We have heretofore copied all of the language in the complaint as to the contract. No copy of the contract was attached to the complaint in this case (which was No. 105107 in the Pulaski Chancery Court); and since the judgment was rendered on the pleadings, the only way the Trial Court could have known what the contract was would have been to examine the pleadings in *another case.*

In 71 C. J. S. 28 "Pleadings" Key § 9, cases are cited to sustain the following textual statement:

"The allegations of a pleading in another independent action ordinarily cannot be adopted, even by agreement of the parties, unless they are copied into the pleading."

The language in Karoley's complaint, as to adoption by reference, was sufficient to have allowed the contract to be introduced in evidence;[3] but the case never reached the stage for introducing evidence. Karoley moved for judgment on the pleadings; and in considering the pleadings no contract was shown except by reference to some other case. The reference might just as well have been to a contract filed in another State, or a contract in the attorneys' office, or in some other place. The contract could have been introduced in evidence, but it was not sufficiently shown in the pleadings to support a judgment on the pleadings.

Counsel for appellee tell us that the contract is set out in full in the case of *Karoley* v. *Reid,* 223 Ark. 737, 269 S. W. 2d 322; but that is a separately numbered case. When *Karoley* v. *Reid,* 223 Ark. 737, 269 S. W. 2d 322 was reversed and remanded, it came back before us

---

[3] But even under our Statute (§ 27-1143), it is necessary to attach a copy of the instrument.

in the case of *Karoley* v. *Reid,* 226 Ark. 959, 295 S. W. 2d 767, and was there affirmed. As aforesaid, the present case is not a continuation of either of those cases, but is a new case; and the adoption by reference was fatally defective in the case at bar insofar as judgment on the pleadings is concerned.

III. *Designation Of Points In Notice Of Appeal.* Appellee says that Reid has waived all of the matters discussed in Topics I and II because in the Trial Court Reid assigned only one error, which was: "Discharge of the defendant, John D. Reid, in the United States District Bankruptcy Court discharges defendant's obligation under the contract in controversy."

This contention of appellees requires a consideration of a portion of Act No. 555 of 1953: the portion of which, germane to the point now under discussion is in Section II, which reads:[4] "No motion for new trial and no assignment of errors shall be necessary. If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal."

It will be observed that "no assignment of errors shall be necessary"; and yet in the Trial Court the appellant assigned as error the point that we have previously copied. The question is, whether such assignment, made in the Trial Court though not required, precludes appellant from listing other assignments in his brief in this Court. The case of *Twin City Lines* v. *Cook,* 226 Ark. 657, 291 S. W. 2d 810, is apropos. There, the appellant filed in the lower Court a motion for new trial in which he failed to mention one of the points that he subsequently argued on appeal in this Court. It was urged that since he had not mentioned the point in the motion for new trial, he therefore was prevented from arguing the point in this Court. We held that since the Act No. 555 of 1953 said, "No motion for new trial and

---

[4] This is found in § 27-2127.5 of the Cumulative Pocket Supplement of Arkansas Statutes.

no assignment of errors shall be necessary," the filing of the motion for new trial was a mere *surplusage* and could not preclude the appellant from making his assignment of points in his brief in this Court. The same rule is applicable here. The law did not require the appellant to file any assignment of errors in the Trial Court in this case, so the assignment that he filed was a mere surplusage, and he is not precluded from raising here the point previously mentioned regarding the failure of the pleadings to support the motion for judgment on the pleadings.

We must emphasize that when only a *partial record* is brought up, there must be filed in the Trial Court a statement of points. The Statute (as quoted) says: ". . . a concise statement of the points on which he intends to rely for appeal . . ." But when—as here—the entire record is brought up by appellant, then any "concise statement of the points on which he intends to rely for appeal" is surplusage; and the appellant can designate his points in his brief filed in this Court, and is not foreclosed by the surplusage filed in the Trial Court.

The judgment rendered on the pleadings is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion; but this being an equity case, we adjudge all costs of this appeal against the appellant.