John "Junior" WHITE *v.* Winifred MINYARD

CA 82-396                                    650 S.W.2d 599

Court of Appeals of Arkansas
Opinion delivered May 25, 1983

*Mills, Patterson & Shoffner,* by: *William P. Mills,* for appellant.

*Boyett, Morgan & Millar,* by: *Mike Millar,* for appellee.

TOM GLAZE, Judge. This appeal is the second to this Court involving these two parties; both legal disputes

emanated from their divorce entered on October 6, 1980.[1] This appeal concerns promissory notes which the appellee made to appellant during their marriage, but which did not mature until after the parties divorced. After maturation of the notes, appellant filed a circuit court action against appellee, seeking judgment on five promisory notes totalling $42,900 in principal. Among other things, appellee asserted that appellant's action was *res judicata* and that his claims had been resolved in the parties' prior divorce proceedings. The circuit judge agreed with appellee's argument and dismissed appellant's action, finding that he had raised (as a set-off) his claims based on the five notes in the divorce action. On appeal, appellant argues that the trial court was incorrect in ruling that the appellant's pleadings in the chancery divorce action were sufficient to raise a set-off defense, and that it erred in deciding that the subject promissory notes had been previously adjudicated. We agree the trial court erred and reverse and remand for further proceedings.

The court's decision was based on findings the trial judge made at a pre-trial conference. At the conference, the judge reviewed the parties' circuit court pleadings and compared them with those previously filed in the parties' divorce case in chancery court. He made the comparison by examining the pleadings contained in the chancery court's file. The judge concluded the pleadings and decree entered in the divorce action reflected that the appellant had raised the same claims there that he now pursues against appellee in the circuit court action. Neither the pleadings nor the divorce decree was introduced into evidence.[2]

---

[1] The first appeal concerned a $29,930.89 judgment the White County Chancery Court decreed to the wife, Winifred White (now Minyard). In her effort to satisfy the judgment, Minyard brought an action to force a sale of eight hundred acres owned by White. White had deeded such acreage to his daughter, and Minyard requested the chancery court to set aside the deed, which the court did. We affirmed. *White* v. *Minyard,* CA 81-367 (May 26, 1982) (opinion not designated for publication).

[2] Appellant's brief contains an appendix that includes three pleadings filed in the chancery court action. The circuit judge relied upon these pleadings in his decision to dismiss appellant's circuit court action. However, these pleadings were not introduced into evidence even though two of the three pleadings had been attached to appellant's petition for rehearing of the court's decision.

The procedure followed by the trial judge in this instance is not countenanced by law. In *Braswell* v. *Gehl,* 263 Ark. 706, 567 S.W.2d 113 (1978), the Supreme Court set out the controlling rule as follows:

> We have also held "that a judgment relied upon as a bar to an action could not be considered unless introduced into evidence" and "courts cannot take judicial notice of their own records in other causes pending therein, even between the same parties" *nor of the record and proceedings of other courts. Southern Farmers Assn., Inc.* v. *Wyatt,* 234 Ark. 649, 353 S.W.2d 531 (1962). (emphasis supplied).

In *Reid* v. *Karoley,* 229 Ark. 90, 313 S.W.2d 381 (1958), the Supreme Court also adopted the rule that the allegations of a pleading in another independent action ordinarily cannot be adopted, even by agreement of the parties unless they are copied into the pleading. In the instant case, the chancery court pleadings were neither copied into the circuit court pleadings, nor offered into evidence. The fact that the chancery pleadings were not properly made a part of the record in this appeal is enough to require a reversal.

Even if such pleadings had been properly introduced, we doubt their sufficiency to support the trial court's granting a motion for judgment on the pleadings. The rule is well established that judgment on the pleadings can be rendered only when, after giving every reasonable intendment to the pleadings of the respondent, the pleadings still show·on their face that the respondent has no defense. *Reid* v. *Karoley, supra.* In discussing motions for judgment on the pleadings, the court in *Reid* stated:

> "Being in the nature of a demurrer, a motion for judgment on the pleadings raises an issue of law only ... But it is proper where there is an entire failure to state a cause of action or defense. In a strict motion for judgment on the pleadings, parol evidence is not admissible.
> "In determining the right of a party to a judgment on the pleadings, the real question to be determined is

the sufficiency of the admitted facts to warrant the judgment rendered, and the materiality of those upon which issue is joined. A motion for judgment on the pleadings should be sustained when, under the admitted facts, the moving party would be entitled to judgment on the merits, without regard to what the findings might be on the facts on which issue is joined. The motion, however, is not favored by the courts; pleadings alleged to state no cause of action or defense will be liberally construed in favor of the pleader . . . If there is joined an issue of fact upon which, if supported by the evidence, a valid judgment may be based, a judgment on the pleadings is improper. The court cannot anticipate what the proof will show."

*Id.* at 92, 313 S.W.2d at 382.

We believe the chancery pleadings, assuming their proper introduction, were not sufficient to support a judgment on the pleadings. To the contrary, when reviewing them in light of the principles noted in *Reid,* we can only conclude that the pleadings present a factual issue and negate the granting of a judgment on the pleadings. First, the circuit court pleadings in this cause clearly reflect a factual dispute regarding whether the five promissory notes were adjudicated in the chancery divorce action. In fact, appellant, in his response to appellee's request for admissions, specifically *denied* (1) making the notes a part of the divorce action by alleging them as a set-off, and (2) testifying in that action that appellee owed him money on the notes which should be set off in the property division. The divorce pleadings, on the other hand, fail to specifically mention the notes in controversy.

Although the notes were not specifically designated, the trial court found other language in the divorce pleadings it concluded was sufficient to establish the appellant's notes had been litigated. For example, appellant's amended answer and motion for production filed in the chancery case alleged that appellee "by guile extracted from [appellant] the bulk of his life savings" and that "the [appellant] advanced large sums of cash to the [appellee] . . . with the

result that the [appellee] is heavily indebted to the [appellant] and should be required to repay him rather than to take anything from him in the way of property or money in this proceeding." However, the record before us does not show that the subject notes in the present action are in any way connected to the "advanced sums" or "life savings" alleged in the chancery action. Unless other pleadings or evidence were offered to establish such a connection, it would be pure speculation to hold the notes were asserted and adjudicated in the parties' divorce action. On the other hand, we clearly perceive a factual issue raised in the pleadings — appellant alleging the notes were not a part of the chancery action, and appellee claiming they were.

Given the state of the pleadings, we hold that a fact issue was joined and the trial court incorrectly rendered a judgment dismising appellant's action. We therefore reverse and remand.[3]

Reversed and remanded.

---

[3]Relying on *Shoop* v. *Baker,* 126 Ark. 111, 189 S.W. 670 (1916), appellant also argued that he was unable to assert his claims on the notes against appellee in their divorce suit because the notes were not yet due. However, because other defenses or proof may be developed on remand, we would be premature in discussing the applicability, if any, *Shoop* might have to the instant case.