THE CHURCH OF GOD IN CHRIST *v.* THE BANK OF MALVERN.

4-8439                                   208 S. W. 2d 770

Opinion delivered February 23, 1948.

*Oscar Barnett*, for appellant.

*W. H. Glover*, for appellee.

SMITH, J. This suit was filed against the Bank of Malvern and Robert Smith. The latter was not served with process, so that the pending suit is against the bank alone. A demurrer was sustained to the complaint and the cause was dismissed so that the question presented, is whether a cause of action was stated against the bank.

We condense the allegations of the complaint, and state them as follows. The defendant is a corporation engaged in the general banking business in the City of Malvern. The plaintiffs are the successors in office of the organizers of a religious organization known as The Church of God in Christ, which collected and accumulated a fund of $340.80 to repair their place of worship, which sum was deposited with defendant bank by Jesse Davis, its treasurer, and Robert Smith, its secretary; "that the said Robert Smith, secretary, by connivance and fraudulent schemes concocted and carried out by, through and with the Bank of Malvern, its agents, servants, and employees, drew said money out of said bank deposit, and disposed of the same without authority of the plaintiff or its existing officers, upon whose proper demand the bank failed and refused to pay said deposit to them, and through fraud and connivance with the said Robert Smith, they have caused to be taken out of plaintiff's account and placed beyond the possession and control of the plaintiff, to their deprivation and damage, for which

they have no adequate remedy at law." Wherefore judgment for the amount of the deposit was prayed.

The demurrer alleged, (1) That the complaint did not state facts sufficient to constitute a cause of action; (2) That the complaint is merely a suit for damages, and does not state a cause of action, cognizable in a court of equity; and (3) That plaintiffs do not have the legal capacity to sue; that plaintiff is not a religious organization, that neither of the parties plaintiff are trustees for the Church of God in Christ, nor is Jesse Davis, treasurer for the Church of God in Christ. The demurrer was sustained and the complaint was dismissed.

A motion to make this complaint more definite and specific might, and very properly, have been filed and sustained, as for instance, how and in what manner and by what fraud and connivance with any officers of the bank Robert Smith was permitted to withdraw the deposit, without authority to do so. But we are considering the sufficiency of the complaint on demurrer, and must give its allegations such effect and such intendments as they appear *prima facie* to have.

Considering the grounds of the demurrer in reverse order, it may be said that the denial of the right of the plaintiff to sue raises a question of fact, as the complaint alleges the possession of this authority by the plaintiffs, and the demurrer cannot raise the question how they derived authority. A motion to make specific might require this showing.

The second ground of demurrer that the complaint does not state a cause of action in the court of equity is, of course, correct, as the suit is merely one for the wrongful conversion of a deposit in which wrongful act the officers of the bank participated. But even so, this is not ground for demurrer. Section 1243, Pope's Digest, provides: "An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings by an amendment in the pleadings and a transfer of the action to the proper docket."

We have held in numerous cases that bringing an action at law in equity is not ground for demurrer, as the error should be corrected by the transfer to the proper forum. A late case to this effect is that of *Higginbotham* v. *Harper,* 206 Ark. 210, 174 S. W. 2d, 668.

The first ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action which is of course a ground for demurrer. But the fact that the church raised the money, deposited it in the bank for a specific purpose, and that the officers or an officer of the church withdrew the deposit for his own use, or for another purpose, would not make the bank liable. This would be true even though the deposit was a trust fund and known to be such.

In the recent case of *Hartford Accident & Indemnity Co.* v. *E. C. Bradley,* 211 Ark. 1069, 204 S. W. 2d 792, we said: "Now the law is that a bank has the right to presume, without making investigation, that the payee in a check, properly signed by the depositor, drawn against an account known to be a trust fund, has the right to cash the check and convert the proceeds to his personal use, without liability therefor against the bank, unless the bank knows or is chargeable with knowledge that the depositor has violated his trust in drawing the check, thereby participating in the wrongful conversion of the proceeds of the check."

The cause of action alleged is that by and through fraud and connivance with the officers of the bank, Robert Smith was wrongfully permitted to withdraw the deposit. This allegation of course imputes knowledge that the bank was aware that Smith had no right to withdraw the deposit, but fraudulently permitted him to do so. In other words, fraud on the part of the bank is alleged in permitting Smith to withdraw the deposit.

We conclude, therefore, that while the cause of action is very inartistically drawn, a cause of action was nevertheless stated, and the decree is reversed and the cause remanded with directions to overrule the demurrer and transfer the case to the law docket.