GERRISH *v.* GERMAN INSURANCE COMPANY.        { March 12, 1875.

When a bill in equity is brought to compel a specific performance of an agreement, the court having jurisdiction will, to avoid delay and expense to the parties, proceed and give such final relief as the circumstances of the case demand.

The plaintiffs agreed with the defendants' agent to insure their wool against loss by fire in the sum of three thousand five hundred dollars, for the period of one year, commencing at 12 o'clock noon, September 30, 1873, for the sum of forty-three dollars seventy-five cents premium, which was paid their agent, who agreed to procure and deliver to the plaintiffs a policy therefor. Said wool was destroyed by fire October 1, 1873, no policy having been made out or delivered. The plaintiffs notified the defendants of the loss, furnished them with the requisite proofs thereof, and demanded a policy and payment of the sum insured, which the defendants refused. The plaintiffs brought a bill in equity to compel delivery of the policy and payment of the loss. Upon demurrer to the bill assigning as cause that the plaintiffs had a plain and adequate remedy at law—*Held*, that the plaintiffs might resort to a court of equity to compel a delivery of the policy, and the court, having jurisdiction to compel specific performance, would, to avoid circuity of action, decree payment of the loss as if a policy had been issued.

IN EQUITY. The bill alleges that the plaintiffs, Joseph W. Gerrish, and George B. Nichols, John D. Parker, Jr., and William R. Dupee, of Boston, Mass., under the firm name of Nichols, Parker & Dupee, September 30, 1873, applied to John L. Spring, of Lebanon, a duly

appointed and constituted agent of the German Insurance Company, for additional insurance upon some fleece wool stored in a two-story framed storehouse near the railroad freight depot in said Lebanon, owned by Joseph W. Gerrish, to the amount of thirty-five hundred dollars, said wool being owned, one half by the said Joseph W. Gerrish, the other half by the said Nichols, Parker & Dupee, which was stated to said agent; that they informed said agent that there was other insurance on said fleece wool, to the amount of three thousand dollars, in the Hartford Fire Insurance Company, with the right to have other or additional insurance; that said agent thereupon agreed with the said plaintiffs that he would insure said fleece wool for the plaintiffs for one and one fourth per cent. for the term of one year, said insurance to take effect September 30, 1873, at twelve o'clock noon, to the amount of thirty-five hundred dollars, in the said German Insurance Company, which proposition the said plaintiffs accepted, and paid to said agent the premium, being forty-three dollars and seventy-five cents, which proposition said agent was authorized by said defendants to make, and to receive the premium therefor. Said insurance was against loss or damage by fire or lightning, to the amount of thirty-five hundred dollars on the fleece wool aforesaid, situated as aforesaid : other insurance was to be permitted. The plaintiffs further represent, that the written portion of the policy in the Hartford Fire Insurance Company above referred to is as follows : "Three thousand dollars on their fleece wool contained in said Gerrish's two-story framed storehouse building, situated near the railroad freight depot in Lebanon, N. H.— other insurance permitted. Three thousand dollars, at one and a quarter, amounts to thirty-seven dollars and fifty cents (said Gerrish owning one half of said wool, and Nichols, Parker & Dupee one half)." They further represent, that afterwards, to wit, on the first day of October, 1873, the said fleece wool was destroyed by fire; that at the time of the fire the actual cash value of said fleece wool was six thousand eight hundred and twenty-five dollars and eighty-six cents, and the amount saved was less than seven hundred and fifty dollars, making the actual loss on said wool the sum of six thousand seventy-five dollars and eighty-six cents; that said wool at the time of the fire was in the building aforesaid. The lower story of said building was used for storing flour and groceries by George M. Smith & Co. and by C. H. Hildreth for storing nails and hardware, and the second story was used for storing said wool. The origin of said fire is unknown to the plaintiffs, and was without fraud or fault on their part. They further represent, that on November 17, 1873, they gave written notice to said German Insurance Company of their loss by fire of said fleece wool, the amount of their loss, and all the information required by the charter and by-laws of said German Insurance Company, being a proof of loss; that they also furnished to said insurance company the written certificate of a notary public and justice of the peace, to the effect that, to the best knowledge and belief of said notary public, he resided the nearest to the place of the fire mentioned above of any such

magistrate; that he was not concerned in said loss as a creditor or otherwise, nor a relative to either of the parties; that he had examined the circumstances attending the loss; that he knew the character and circumstances of the plaintiffs; and that he believed that the plaintiffs had sustained loss on the wool aforesaid, without fraud on their part, to the amount of six thousand seventy-five dollars and eighty-six cents. They further represent, that this certificate was furnished with the proof of loss on November 17, 1873, and that said proof of loss aforesaid was made by said Joseph W. Gerrish, and furnished as aforesaid, at the time aforesaid, under oath. The plaintiffs further represent, that on November 17, 1873, they made a demand on said insurance company to make out and deliver to the plaintiffs aforesaid a policy for the amount of thirty-five hundred dollars, the written part to be as follows: " On their fleece wool contained in said Gerrish's two-story framed storehouse building, situated near the railroad freight depot, in Lebanon, N. H., other insurance permitted," and have the same bear date September 30, 1873, and to take effect at twelve o'clock noon, on said 30th day of September, 1873, according to their previous contract and agreement with the said plaintiffs, and were further requested to settle and pay the loss by fire on said wool, to the amount of three thousand two hundred and seventy-two dollars, being their just share upon the loss of said wool, and to settle the same within sixty days from October 1, 1873. They further represent, that said German Insurance Company have neglected and refused to deliver to said plaintiffs a policy according to the contract and agreement aforesaid, and that they have neglected and refused to settle and pay the loss aforesaid to the plaintiffs. They therefore pray that said insurance company may be required to execute and deliver a policy according to the terms of their aforesaid contract and agreement, and to settle and pay their part of the loss that said plaintiffs have sustained on said fleece wool, and for such other relief as may be just.

The defendants demurred to the bill upon the ground that the plaintiffs have a plain and adequate remedy at law.

The questions of law thus raised were reserved.

*Eastman, Page & Albin*, for the defendants, cited *Walker* v. *Metropolitan Ins. Co.*, 56 Me. 371; *M'Culloch* v. *Eagle Ins. Co.*, 1 Pick. 280; *Rockwell* v. *Hartford Ins. Co.*, 4 Abb., N. Y. Rep., 179; *Kennebec Co.* v. *Augusta Ins., &c., Co.*, 6 Gray 204; *Goodall* v. *Ins. Co.*, 25 N. H. 169, 192.

*Murray*, for the plaintiffs, cited *Tayloe* v. *Merchants Fire Insurance Co.*, 9 How. 390; *Constant* v. *Insurance Co.*, 1 American Law Reg., New Series, 116; *M'Culloch* v. *Eagle Ins. Co.*, 1 Pick. 280; *Hamilton* v. *Lycoming Ins. Co.*, 5 Barr. 342; *Delaware Ins. Co.* v. *Hagan*, 2 Wash. C. C. 4; *Commercial Mut. Marine Ins. Co.* v. *Mut. Ins. Co.*, 19 How. 318; *Trustees of First Baptist Church* v. *Brooklyn Fire Ins. Co.*, 19 N. Y. 305; *Palm* v. *Medina Fire Ins. Co.*, 20 Ohio 529; *Motteux* v. *London Assurance Company*, 1 Atk. 545; *Perkins* v. *Washington Insurance Co.*,

4 Cow. 645; May on Insurance, sec. 565, and cases there cited; Story's·
Eq. Jur., sec. 722, 8th ed.; *Neville* v. *Merchants, &c., Ins. Co.*, 19 Ohio
452; *Carpenter* v. *Mutual Safety Ins. Co.*, 4 Sand. Ch. 408; *Hill* v.·
*Bank*, 44 N. H. 568; *Pickering* v. *Pickering*, 38 N. H. 400.

SMITH, J.   A policy is the usual evidence of a contract of insurance.
It is not necessary, however, in order to enable the assured to maintain
an action upon the contract.   If issued, it is the best evidence of what
the contract was, and parol evidence would not be admissible to con-
tradict it; but when none is issued, the contract may be proved by any
competent evidence.   *Goodall* v. *N. E. Ins. Co.*, 25 N. H. 192; *M' Cul-
loch* v. *Eagle Ins. Co.*, 1 Pick. 278; *Kennebec Co.* v. *Augusta Ins. &
Banking Co.*, 6 Gray 204; *Pierce* v. *Nashua Ins. Co.*, 50 N. H. 297.

But the cases are numerous where a party may resort to a court of
equity to compel the delivery of the policy, and in a proper case the
court having jurisdiction to compel a specific performance, will, to avoid
circuity of action, decree payment of the loss as if a policy had been
issued.   May on Insurance, sec. 565.   *Tagloe* v. *Merchants Fire Ins.
Co.*, 9 How. 390, is a case directly in point, where NELSON, J., says,—
" No doubt a count could have been framed upon an agreement to in-
sure so as to have maintained the action at law.   But the proceedings
would have been more complicated and embarrassing than upon a
policy.   The party, therefore, had a right to resort to a court of equity
to compel the delivery of the policy either before or after the happen-
ing of the loss; and being properly in that court after the loss hap-
pened, it is according to the established course of proceedings, in order
to avoid delay and expense to the parties, to proceed and give such
final relief as the circumstances of the case demand."   See, also, au-
thorities cited in the plaintiffs' brief.

It is not material, therefore, to inquire whether it would or not have
been more difficult for the plaintiff to prove the facts essential to enable
him to recover in a suit at law, than it would be to maintain this bill.
The facts to be proved are essentially the same in either case, and
must be shown by the same witnesses or words of proof.   But for the
reasons above given he will not be driven to commence a suit at law.

CUSHING, C. J.   The doctrine seems to be well settled, that a court
of equity has jurisdiction to decree specific performance of an agree-
ment to insure, and that, having taken jurisdiction for this purpose, it
will go on and afford complete remedy.   3 Pars. on Con. 374, and
authorities cited.

LADD, J., concurred.

*Demurrer overruled.*