ROBINSON *v.* MORGAN.

5-1539                                            312 S. W. 2d 329

Opinion delivered April 21, 1958.

*Milton Robinson* and *Eugene C. Fitzhugh,* for appellant.

*Joe P. Melton* and *Chas. A. Walls, Jr.,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, A. B. Robinson, appeals from an order of the Lonoke Chancery Court finding him guilty of contempt of court and the assessment of a fine of $50 and three days in jail. Appellant is a justice of the peace in the city of Cabot. The city council filed suit in Robinson's justice of the peace court to collect privilege taxes assessed under City Ordinance No. 96. Previously in the Mayor's court of the city of Cabot it was held that Ordinance No. 96 is discriminatory and unconstitutional. Appellee herein, Henry Morgan, filed in chancery court a "Petition for Declaratory Judgment under Provisions of Acts of 1953, Act 274". The petition alleges:

"5. On the 12th day of June, 1957, the defendants acting individually and collectively as the City Council of the City of Cabot, through their attorney, Kenneth Coffelt, filed suit in A. B. Robinson's Justice of the Peace Court seeking to collect the assessment or tax by civil action under Ordinance No. 96 after the said Ordinance

had been held unconstitutional and unenforceable by the said Mayor's Court.''

``.  .  .

``8. As there is no other adequate remedy at law a declaratory judgment, under the provisions of Act 274 of the Acts of Arkansas of 1953, should be entered setting forth the rights of the parties and until the final hearing and entry of the judgment all parties should be restrained from taking any action upon the ordinance in question.''

Summons was issued directed to A. B. Robinson individually and as justice of the peace of York Township, and to the various members of the city council. The petition was filed on July 3, 1957, and on the same day the chancery court issued a temporary restraining order enjoining the city of Cabot, members of the city council, and A. B. Robinson personally  and as justice of the peace, from taking any action against Morgan or other persons as residents of the city of Cabot until all the rights and status of the parties are determined by the court. It is not shown that Robinson as an individual did anything in connection with the case, but as justice of the peace he did proceed to hold court on July 9th and rendered judgment against Morgan and other residents of the city of Cabot in violation of the restraining order. The principal issue, and the only one we reach, is whether the chancery court had jurisdiction to enjoin the justice of the peace from proceeding with the trial of the cases against Morgan and others.

At this point it might be well to point out that appellee, Morgan, attempts to sustain the order of the chancellor finding the justice of the peace guilty of contempt solely on the asserted ground that the chancery court has jurisdiction under the declaratory judgment statute (Act 274 of the Acts of 1953). It is not contended that the petition for a declaratory judgment is in effect a petition for prohibition, or that the petition should be treated as a petition for prohibition. In fact, the petition for a declaratory judgment filed in the chancery court does not allege that the justice of the

peace does not have jurisdiction of the parties or the subject matter, but merely alleges that City Ordinance No. 96 is void.

And while on the subject of prohibition, we might add that although Ark. Stat. § 33-101 gives the chancery court jurisdiction to issue writs of prohibition to inferior courts, § 33-105 provides for notice to the officer or person against whom relief is sought. And § 33-107 gives the party against whom the writ is sought the right to file an answer and show cause why the writ should not be granted. Here it is not contended that notice sufficient to give the chancery court jurisdiction to issue prohibition was served on the justice of the peace.

Now we come to the question of the validity of the order finding the justice of the peace to be in contempt of chancery court by reason of proceeding with the matter pending in the justice of the peace court. If the chancery court was without jurisdiction to enjoin the justice of the peace from proceeding with the cases pending in the justice of the peace court, then the order of injunction is void and the chancery court is without jurisdiction to punish the justice of the peace for proceeding with the trial. *Willeford, et al* v. *State ex rel. etc.,* 43 Ark. 62; *Morgan* v. *State,* 154 Ark. 273, 242 S. W. 384; *Martin* v. *State,* 162 Ark. 282, 257 S. W. 752; *Pitcock* v. *State,* 91 Ark. 527, 121 S. W. 742.

No case has been called to our attention, nor have we found any authority, for the proposition that one court can enjoin another court from proceeding in a matter pending in such other court; the great weight of authority appears to be to the contrary. In *Daniels* v. *City of Portland,* 124 Ore. 677, 265 P. 790, 59 A. L. R. 512, the court said: ''Our attention has been called to the fact that W. A. Ekwall, judge of the municipal court of the city of Portland, has been made a party defendant hereto. That a court of equity has not power to enjoin the judge of another court, see High on Injunctions, 4th ed. § 46.'' And in this work (High on Injunctions, 4th ed., § 46) it is said: ''And a court of equity is devoid of jurisdic-

tion to grant an injunction against the judge of another court to restrain him from acting in or making orders in a particular cause. Every judge is supreme and independent in his own sphere, and can not be restrained in the discharge of his functions by the process of injunction." See, also, 21 C. J. S. § 498.

Nor does our declaratory judgment law authorize one court to enjoin another. Our statute is patterned after the Federal Rules of Civil Procedure for Declaratory Judgments. It is said in Anderson on Declaratory Judgments, 2nd ed., Vol. 1, p. 836: "It is necessary for the plaintiff to make out a case for injunction in as sure and ample a manner as if the injunction were sought alone, and it is likewise true that the plaintiff must show himself to be entitled to a declaratory judgment in same manner as if such declaration were the only relief sought."

Here the appellee has not shown that he was entitled to the injunction. The mere fact that he sought a declaratory judgment in addition to an injunction did not give the court jurisdiction to grant the injunction. Our conclusion is that the chancery court was without jurisdiction to enjoin the justice of the peace from proceeding with the trial of the case pending in the justice of the peace court, and, therefore, the chancery court is without jurisdiction to punish the justice of the peace for contempt in proceeding with the pending litigation.

Reversed and the citation for contempt dismissed.

McFADDIN, J., dissents.

ED. F. McFADDIN, Associate Justice, dissenting. I dissent. The majority is holding that a Justice of the Peace can deliberately defy the order of a Chancery Court and still remain unpunished for such contempt. No amount of judicial reasoning can convince me that such a holding is right: it is contrary to all of my concepts of the Judiciary.

Let us review the situation. Here is the order of events:

I.   A petition was filed in the Chancery Court stating that a case was pending in the Justice of the Peace Court asking a declaratory judgment, and asking that the case in the Justice of the Peace Court be not tried until the decision of the Chancery Court on the petition. The defendants in the case were—and I list them just as they appeared in the petition filed in the Chancery Court: City of Cabot; *A. B. Robinson, Individually and as Justice of the Peace of York Township;* W. W. Bodie, Individually and as Recorder of the City of Cabot; Chas. Templeton, Fred Wood, W. B. Utley, Willie Ray, C. J. Rice, John Womack, Claude Goforth, and Bennie Jenkins, as individuals and as aldermen of the City of Cabot. (Italics supplied.)

II.   The Chancery Court issued a temporary injunction, which ordered each and all of the defendants to suspend any further action in the pending case in the Justice of the Peace Court until the matter could be further heard by the Chancery Court. Here is the way the temporary restraining order read:

"IT IS THEREFORE, considered, ordered and decreed that the City of Cabot, W. W. Bodie, as Recorder of the City of Cabot, Chas. Templeton, Fred Wood, W. B. Utley, Willie Ray, C. J. Rice, John Womack, Claude Goforth, Bennie Jenkins, individually and as aldermen of the City of Cabot, and *A. B. Robinson, as an individual and as Justice of the Peace for York Township,* be and they are hereby temporarily restrained from taking any action against this petitioner or any other person as a resident of the City of Cabot until all the rights and status of the parties is determined by this court." (Italics supplied.)

III.   A. B. Robinson, after having been served with such order of the Chancery Court, proceeded to deliberately violate the order of the Chancery Court: he opened his Justice of the Peace Court on the day he had named and rendered default judgments in the very case concerning which the Chancery Court had told him not to act; and, furthermore, as Justice of the Peace he proceeded to fine the litigants who had failed to appear in his Court since they had respected and obeyed the Chancery Court injunction.

IV. When the Chancery Court adjudged Mr. Robinson to have been guilty of contempt because of the matters recited in Paragraph numbered III above, Mr. Robinson appealed to this Court; and this Court is now reversing the decree made by the Chancery Court and holding that Mr. Robinson could act, as he did, with impunity.

The foregoing is the order of events; and I cannot agree to the reversal by this Court. If the Chancery Court order served on the Justice of the Peace had been absolutely void, still respect for law, and the orders of a superior court, should have prevented Mr. Robinson, as Justice of the Peace, from deliberately defying the order of the Chancery Court. How can we expect the man on the street to show respect for law and order when a Justice of the Peace deliberately defies a superior court?

It was argued that the Chancery Court cannot *enjoin* the Justice of the Peace Court, but can only *prohibit* the Justice of the Peace Court. Does anybody think that the Justice of the Peace understood this distinction when he convened his Court? I don't. We have a Statute (§ 33-103, Ark. Stats.) in Arkansas on prohibition, which says:

"The writ of prohibition, as here defined, is an order of the Circuit or Chancery Court to an inferior court or tribunal, prohibiting it from proceeding in a cause or matter over which it has no jurisdiction."

It was argued that the Chancery Court might have issued a writ of prohibition, but could not have issued a writ of injunction. Such a statement is a confession that the Chancery Court had the right to stop the proceeding in the Justice of the Peace Court, regardless of what the writ of stoppage was called. Furthermore, what is the distinction between injunction and prohibition? Webster's New International Dictionary says that to enjoin is ". . . to forbid; prohibit; . . ." Webster's Dictionary defines prohibit as, "To forbid by authority or command; to interdict; as, the law prohibits. . . ." Now, I do not think the Justice of the Peace acted in the pending case in his Court because he thought there was any distinction between a writ of injunction and a writ of prohibition. As a matter of fact, it is difficult to get to

any such distinction in our statute on prohibition. The fact that the petition in the Chancery Court was called an injunction did not keep it from being likewise a petition for prohibition, because it is the kind of remedy that is sought, and not the name attached to the pleadings, that will determine the relief to be administered. I do not believe that the Justice of the Peace made any distinctions between *injunction* and *prohibition* when he convened his Court and rendered default judgments in defiance of the Chancery Court order. It seems clear to me that the Justice of the Peace became infuriated at the order of the Chancery Court in trying to stop him. The language that he used on the occasion clearly so reflects. When a Justice of the Peace cannot respect a Chancery Court order, I think it is time for the Chancery Court to issue and enforce a citation for contempt.

Our cases hold that, when an injunction is issued even erroneously, nevertheless it is a contempt to disobey the injunction: the remedy is to have the injunction quashed. *Carnes* v. *Butt,* 215 Ark. 549, 221 S. W. 2d 416; *Stewart* v. *State,* 221 Ark. 496, 254 S. W. 2d 55; and *Hickinbotham* v. *Williams,* 227 Ark. 126, 296 S. W. 2d 897. Under these cases, the Justice of the Peace should have obeyed the injunction at all events. I am firmly of the opinion that the Justice of the Peace was guilty of a contempt of the Chancery Court.

Therefore, I dissent.