JACKSON *v.* SMITH, CHANCELLOR.

5-2939                                             366 S. W. 2d 278

Opinion delivered April 8, 1963.

*James P. Baker, Jr.,* for appellant.

*David Solomon,* for appellee.

JIM JOHNSON, Associate Justice. This is a petition for a writ of prohibition seeking, on jurisdictional

grounds, to prohibit a chancery court from trying a declaratory judgment action.

On June 19, 1962, the residuary legatees under the will of Ann H. T. Coley, the Phillips National Bank and Walter L. Coley, executor of the estate of Ann H. T. Coley, filed a petition for declaratory judgment naming the petitioners, C. J. Jackson and Frank Jackson Jordan, as defendants in the Phillips Chancery Court, asking for a determination of rights as to the ownership of certain shares of capital stock in the Phillips National Bank.

The complaint states that the executor in his inventory, filed in the Phillips Probate Court, listed 80 shares of capital stock of Phillips National Bank as owned by the testatrix and as an asset of the estate; that the residuary legatees filed their exception to the inventory stating that the testatrix actually owned 200 shares of such stock; that the executor responded in Probate Court stating that Phillips National Bank has in its possession 160 shares of the stock issued in the name of the testatrix, and the executor only has constructive possession of 80 shares; that the Phillips National Bank had issued 200 shares of its capital stock to Ann H. T. Coley, which are still so recorded on its corporate books, and the bank actually has in its possession 160 of the shares; that C. J. Jackson and Frank Jackson Jordan claim some interest therein, the latter claiming by an assignment from Jackson, and that either or both of them have in their possession certificates representing 40 shares, which are registered on the corporate books in the name of Ann H. T. Coley.

In response to this petition the defendants filed a motion to dismiss alleging several jurisdictional grounds. The motion to dismiss was overruled and the defendants (petitioners herein) were ordered to file their answer by December 1, 1962. This petition for a writ of prohibition followed.

The first point relied upon by petitioners is that the chancery courts of Arkansas are without jurisdiction to hear petitions for declaratory judgment. Although it is not necessary to reach this point, since the question keeps arising we feel impelled to lay it at rest.

Petitioners contend that the chancery court is without jurisdiction to entertain declaratory judgment petitions because of an express limitation in the Constitution of 1874 providing that chancery courts shall have jurisdiction in equity matters only as then exercised by courts of equity; and that the declaratory judgment is purely the creation of statute which was not known to equity jurisdiction as it existed in 1874. Respondent contends that the declaratory judgment act did not change or increase the jurisdiction of equity, but is purely a procedural addition to our civil procedure.

The Constitution of 1874, Article 7, § 15, states:

"Until the General Assembly shall deem it expedient to establish courts of chancery the circuit court shall have jurisdiction in matters of equity, subject to appeal to the Supreme Court, in such manner as may be prescribed by law."

In 1903 the legislature established separate chancery courts in every county of the state. Jurisdiction of these courts is stated in Ark. Stats. § 22-404 as follows:

"Chancery courts shall have original jurisdiction in all matters in equity as fully as is now exercised by the several circuit courts of this state in counties where no separate chancery courts have heretofore been established. Appeals to Supreme Court may be taken from the orders, judgments and decisions of the chancery courts in the same manner as now provided by law for appeals from the circuit courts in equity cases."

In *Young* v. *Young*, 207 Ark. 36, 178 S. W. 2d 994, where the act establishing three year separation as a ground for divorce and abolishing recrimination as a defense thereto, was attacked as unconstitutional as diminishing equity jurisdiction, this court stated in part:

"We recognize that the *jurisdiction* of our courts of equity (as the jurisdiction in 1874) can neither be enlarged or restricted. But there is a distinction between (1) *jurisdiction and* (2) *grounds for the exercise of jurisdiction.*

[Quoting from *Marvel v. State ex rel. Marrow,* 127 Ark. 595, 193 S. W. 259, 5 A.L.R. 1458] 'The act in question has not conferred upon the chancery courts of this state any additional jurisdiction. It has merely prescribed a new condition upon which this ancient jurisdiction may be exercised. The act is remedial in its nature and, while the Legislature can not enlarge or restrict the jurisdiction of chancery courts, it is entirely within the province of the Legislature to prescribe the procedure for the exercise of this jurisdiction and to prescribe new conditions under which that jurisdiction may be exercised.' "

In this light, we now examine the Declaratory Judgment Act of 1953 (Ark. Stats. §§ 34-2501-34-2512). Section 1 (§ 34-2501) provides:

"Courts of record *within their respective jurisdictions* shall have the power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree." [Emphasis ours.]

It is hardly necessary to examine further. By its own terms, "within their respective jurisdictions," this act does not attempt to enlarge or alter the jurisdiction of any court. The chancery court clearly has jurisdiction to render declaratory judgments where the subject matter of the declaration is within equity jurisdiction, and we so find.

Whether the subject matter in the instant case is a matter for equity jurisdiction appears to be a question of fact. Upon its face the complaint does not seem to be wholly without the jurisdiction of equity. This is a question which could be tested by appeal. If the court is without jurisdiction, a proper remedy would be by motion to transfer, as provided by Ark. Stats. § 27-208 as follows:

"An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal

of the action, but merely a change into the proper proceedings by an amendment in the pleadings and a transfer of the action to the proper docket.''

The case of *Bassett* v. *Bourland*, 175 Ark. 271, 299 S. W. 13, is directly in point, in which it was stated:

''The writ [of prohibition] is never exercised to prohibit an inferior court from erroneously exercising its jurisdiction, but only where the inferior tribunal is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction. To illustrate: The circuit judge certainly had jurisdiction to pass upon the motion to transfer to equity the case pending in its court. If it erroneously transferred the case to equity, prohibition is not the remedy. It can be corrected only on appeal.''

Writ denied.