John M. PRIDDY et al *v.*
MAYER AVIATION, INC.

75-347                                         537 S.W. 2d 370

Opinion delivered June 14, 1976

4

*Coleman, Gantt, Ramsay & Cox; John Lile;* and *Barber, McCaskill, Amsler & Jones,* for appellants.

*Gibson & Gibson, P.A.; Laser, Sharp, Haley, Young & Boswell,* and *Smith, Williams, Friday, Eldredge & Clark,* by: *William H. Sutton* and *Hermann Ivester,* for appellee.

J. FRED JONES, Justice. John M. Priddy, d/b/a Priddy Insurance Agency, and Utica Mutual Insurance Company, his insurance carrier for errors and omissions, bring this appeal from a declaratory judgment rendered on the petition of the appellee, Mayer Aviation, Inc.

The facts, as gathered from the testimony, appear as follows: The appellee Mayer Aviation, Inc., hereafter referred to as Mayer, was engaged in crop dusting operations by distributing chemicals, including 2-4-D, on growing crops from the air by airplane. Mayer obtained his liability insurance coverage through the appellant insurance agent Priddy. Prior to August, 1970, Priddy had obtained the required coverage for Mayer's operations through brokers in policies issued by North American Insurance Company and Lloyd's of London. Mayer had obtained favorable information concerning liability coverage for his type of operation in policies being written by Pan American Fire and Casualty Company through its underwriters, Aviation Office of America, hereafter referred to as AOA. Mayer requested Priddy to obtain coverage through AOA and he paid Priddy approximately $5,000 as intended insurance premium for the coverage requested.

It appears that in order to distribute the chemical 2-4-D it was necessary to have special license from the Arkansas State Plant Board, and in order to obtain the license it was

necessary to file a copy of liability insurance policy with the Board as a condition precedent to issuing the license. Priddy made application to AOA for the coverage requested by Mayer but the application was refused because of Mayer's past year's loss experience. It appears that when the application was refused by AOA, Priddy intended to place the coverage with one of the original insurers, North American or Lloyd's of London, but failed to do so. In the meantime, however, in order to obtain a renewal of Mayer's license to distribute 2-4-D, it appears that Priddy simply altered a copy of a similar policy he had obtained from Pan American through AOA for a Mr. King and filed the altered copy, showing Mayer as the insured, with the Plant Board and Mayer's license was issued. It appears that Mayer thought he had the coverage he had requested until he was unable to find his policy following rumors of pending claims against him for damages to crops growing out of his operation. When he was unable to find his policy, he obtained a copy from the Plant Board and upon contacting Pan American was advised that no such policy had been issued to him by that company.

It appears that when Mayer advised Priddy of the pending claims and Pan American's denial that it had issued the policy or authorized a binder, Priddy admitted he had not placed the coverage. Priddy advised Mayer of Priddy's own coverage under an errors and omissions policy issued by Utica Mutual and advised Mayer he would have the same protection under that policy as he would have had if the policy coverage he had requested had been obtained.

Two lawsuits, alleging damages to crops in the total amount of approximately $168,000, were filed in circuit court against Mayer, and on February 8, 1974, Mr. Mayer filed in chancery court his petition for declaratory judgment from whence comes this appeal. In his petition Mayer alleged that on or about August 5, 1970, he contracted with Priddy to provide insurance liability coverage for his operation of aircraft in the application of agricultural chemicals. He alleged that Priddy allegedly did provide the coverage by Pan American under policy No. AC6-3-1281, and that he paid a premium to the defendant Priddy for the coverage which was to expire on August 5, 1971; that in July, 1971, claims arose for damages to crops caused by his operation; that he called

on Pan American to take action because of its liability coverage, but that Pan American denied it had issued any policy to him. He alleged that a copy of the alleged policy contract was in the possession of Pan American and he believed at all times he did have liability coverage for damage to crops in the operation of his business. He alleged that the matter had been investigated by the Arkansas insurance commissioner who apparently determined that no valid policy had been issued by Pan American, and that Priddy had acted in error, omission, negligence and/or fraud in connection with the matter. He alleged that subsequent to July, 1971, there had been filed against him lawsuits in circuit court for alleged damages occurring in July, 1971, growing out of his operation during July, 1971, and that lawsuits were then pending against him in the approximate amount of $168,000 for alleged damages occurring during July, 1971. He alleged that he had given notice to the defendant Utica Mutual Insurance Company who had insurance coverage under policy No. 6456-LE for errors, negligence, omissions and/or fraud on the part of the defendant Priddy but that Utica had denied liability. He alleged that he was entitled to legal aid and expenses sustained from either Pan American or Utica Mutual and for the purposes of defending the pending litigation or settlement of same if proper. He alleged that he was presently in the position of not knowing what his best procedure would be to protect his interest due to the actions of the defendants; that he was having to expend money for legal services without the assistance of the defendants, and that he needed their assistance. He alleged that since his legal position as to insurance coverage had not been passed on by a court, his future liability would depend to a large extent on the question of his insurance coverage and the acts of the defendants in connection therewith, and that without such adjudication he would suffer irreparable damage to his business because of the serious consequences of the liability involved. He alleged that either Pan American or Utica Mutual should provide the coverage and assistance for which he contracted and paid to the defendant Priddy. He prayed for a declaratory judgment against all the defendants jointly and severally or for declaratory judgment as to which one of the defendants is responsible for the present and future damage that he had suffered and will suffer.

Priddy filed a response and cross complaint denying the material allegations in the petition for declaratory judgment and alleged that if the policy was not issued as alleged in the petition, it was due to simple negligence on his part and that Utica Mutual Insurance Company should take over his defense and pay any judgment rendered, up to the applicable limits of its obligation to him under its policy. He prayed that the petition be denied and in the alternative that it be denied in so far as it seeks relief from him; and, in the alternative, that if any acts of his caused the petitioner to not have coverage, that Utica Mutual, his errors and omissions carrier, should provide his defense and pay any judgment rendered against him.

Utica Mutual and Pan American demurred to the petition on the grounds that the chancery court was without jurisdiction of the subject matter.

On March 14, 1974, Priddy filed a separate answer in which he denied the allegations in the petition for declaratory judgment and specifically denied that he acted in error, omission, neglect and/or fraud as alleged in the petition.

On March 15, 1974, Utica filed a demurrer to the petition on the grounds that the petition did not state a cause of action against it and that it was not subject to a direct action by Mayer even if it had coverage for the errors and omissions of Priddy as alleged in the petition. On May 24, 1974, Pan American filed a separate demurrer to the petition on the ground of defect in parties defendant, and on June 19, 1974, Mayer filed a motion to strike the allegation of fraud by Priddy from his petition and the motion was granted. On September 3, 1974, Priddy filed a third party complaint making the various plaintiffs in the circuit court action parties defendant and prayed that they be bound by the final ruling of the chancellor on the petition for declaratory judgment.

On September 23, 1974, the chancellor entered an order denying the demurrers and motions to dismiss and finding that all interested parties had been joined. He gave 20 days in which to answer or plead.

On October 1, 1974, Priddy amended his answer and

cross complaint by praying attorney's fees against Utica and on October 2 Utica filed a response denying the allegations in the petition; denying that the acts of Priddy constituted acts of error, omissions, etc. In the alternative it alleged that it would not be liable for Priddy's defense in the litigation, and as a second alternative it alleged it would in no event be liable for any amount in excess of the amount of insurance Priddy was supposed to have contracted for. On November 12, 1974, the chancellor entered an order, at the request of Priddy, dismissing his cross complaint as to statutory penalty and attorney's fees against Utica without prejudice.

In answer to interrogatories propounded by Pan American, Priddy answered that he does not contend Pan American issued the policy in question or authorized him to do so. He answered that he deposited the premium he collected in his agency account. He answered that he advised Mayer that his application had been submitted and subsequently when informed of a possible loss, he advised Mayer that his coverage was in effect as he, Priddy, thought he had obtained the replacement of coverage through Mayer's previous insurers. He answered that he mailed Mayer's application to AOA in Beaumont, Texas, whom he understood to be the underwriter for Pan American; that he did not mail a premium check and was advised by AOA that it could not accept the risk because of losses sustained by previous carriers. On February 11, 1975, the chancellor ordered and directed Utica to submit for inspection any errors and omissions policies issued to or in favor of Priddy.

At the hearing on the merits Priddy testified as above indicated and set out, and following final hearing Pan American demurred to the evidence and the demurrer was overruled. Utica demurred to the evidence on the grounds of lack of allegation of privity and no substantial evidence. Priddy demurred to the evidence for insufficiency and because the petition did not allege acts of negligence. The demurrers were overruled, and on April 24, 1975, the chancellor entered declaratory judgment as follows:

Upon the pleadings and proof the court finds:

1.  All demurrers not heretofore specifically overruled

are now overruled and this court finds the complaint states a cause of action in equity and this court has jurisdiction to issue a declaratory judgment. *Jackson* v. *Smith,* 366 S.W. 2d 278 (1963).

2. That the defendant, John M. Priddy, was negligent in failing and omitting to obtain aircraft liability insurance coverage for Mayer Aviation, Inc. from August 5, 1970 to August 5, 1971; and,

3. At the time of the said negligence of John M. Priddy he was insured under the terms of a contract of insurance covering his errors and omissions as an insurance agent issued by the defendant, Utica Mutual Insurance Company; and,

4. That the liability coverage to have been obtained by Priddy for Mayer was $25,000.00 per occurrence and $100,000.00 aggregate; and,

5. There are presently pending two cases in the Circuit Court of Lincoln County, Arkansas, against Mayer Aviation, Inc. Nos. 2047 and 2048, arising out of alleged tortious aerial application of herbicides during the period from August 5, 1970, to August 5, 1971.

IT IS THEREFORE by the court adjudged and declared as follows:

(1) The defendant, John Priddy, shall defend the two lawsuits, Cases 2047 and 2048, referred to in the findings hereinabove, for and on behalf of the plaintiff, Mayer Aviation, Inc., arising from the two aforementioned cases, up to $25,000.00 per occurrence and up to $100,000.00 in the aggregate; and,

(2) It is the judgment of this court that a contract of insurance issued by the defendant, Utica Mutual Insurance Company, insuring the errors and omissions of the defendant, John M. Priddy, was in force during the period of August 5, 1970, to August 5, 1971.

(3) The complaint of the plaintiff against Pan

American Fire and Casualty Insurance Company should be, and is hereby, dismissed for want of equity.

The appellant Priddy first contends that the chancellor erred in overruling his demurrer to the evidence. He argues in support of this contention that the petition for declaratory judgment failed to allege acts of negligence on the part of Priddy and failed to allege that Priddy's acts were the proximate cause of any damage sustained by Mayer. We do not agree with the appellant's contention. Mayer alleged that he entered into a contract with Priddy to provide insurance liability coverage and paid Priddy an insurance premium for such coverage; that Priddy allegedly obtained the coverage from Pan American but this was denied by Pan American. He alleged that following an investigation by the insurance commissioner, Pan American's denial was confirmed and that Priddy had acted in error, omission and neglect. He alleged that he was having to spend money for legal services and will be further damaged unless the rights and relationship of the parties are determined. We conclude that the petition stated a cause of action against Priddy for breach of contract with sufficient clarity for a declaratory judgment.

Priddy also argues that since the appellee Mayer failed to allege and prove a *written* contract with Priddy, the chancellor should have dismissed the action. He argues that the declaratory judgment act only authorizes construction of written contracts. Ark. Stat. Ann. § 34-2502 (Repl. 1962) provides as follows:

Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

The *construction* or *validity* of a contract to procure insurance coverage is not really involved on this appeal. Section 34-2504 provides as follows:

The enumeration in Sections 2, 3 [§§ 34-2502, 34-2503] and 4 does not limit or restrict the exercise of the general powers conferred in Section 1 [§ 34-2501], in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty.

Furthermore, § 34-2501 provides: "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." And, § 34-2511 provides as follows:

This Act [§§ 34-2501 — 34-2512] is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered.

Appellant Priddy further contends that the chancery court was without jurisdiction to entertain an action for declaratory judgment adjudging him guilty of a tort. Chancery courts clearly have jurisdiction to render declaratory judgments where the subject matter of the declaration is within equity jurisdiction. *Jackson v. Smith, Chancellor,* 236 Ark. 419, 366 S.W. 2d 278 (1963). Appellant Priddy did not demur to the petition for declaratory judgment, nor did he move to have the cause transferred to law for lack of jurisdiction. In *Stolz v. Franklin,* 258 Ark. 999, 531 S.W. 2d 1 (1975), this court said:

In the absence of such a motion, [to transfer] the chancery court may, in its discretion, transfer the case on its own motion or proceed to trial on the merits. *Sledge-Norfleet Co. v. Matkins,* 154 Ark. 509, 243 S.W. 289; *Catchings v. Harcrow, supra.* Where a defendant has answered and not reserved any objection to the jurisdiction of the court on the ground that there is an adequate remedy at law, he cannot insist on it at the hearing unless the court is wholly incompetent to grant the relief sought. *Reid v. Karoley, supra; Whitten Developments, Inc. v. Agee, supra.*

Priddy alleged in his response and cross complaint that if the policy was not issued by Pan American as alleged in the petition for declaratory judgment, it was because of simple negligence on his part. In the declaratory judgment with respect to Priddy the chancellor found: "That the defendant, John M. Priddy, was negligent in failing and omitting to obtain aircraft liability insurance coverage for Mayer Aviation, Inc. . . . " And, in effect, found that Priddy was obligated to provide a defense to the lawsuits filed against Mayer, and to assume such obligations of providing such insurance coverage he agreed to obtain for Mayer and failed to obtain. It was more or less admitted in oral argument that this was the intent and effect of the chancellor's holding and judgment, and that Priddy was not directed to *personally* assume the defense and pay such judgments as might be rendered against Mayer in the circuit court cases pending against him. Priddy unequivocally admitted he was negligent, but we conclude that the complaint and judgment against him sounded in contract and not in tort and the chancery court was not wholly without jurisdiction to render the judgment that was rendered.

It is quite true that even in contracts a court of equity is not competent to afford redress by way of compensation or damages for a mere breach of contract, where the remedy at law is plain, adequate, and complete, and where no peculiar equity intervenes. *Cockrell* v. *Warner,* 14 Ark. 345 (1854); *Carroll* v. *Wilson,* 22 Ark. 32 (1860); *Cosby* v. *Hurst,* 149 Ark. 11, 231 S.W. 194 (1921). But failure to plead lack of jurisdiction in equity because of an adequate remedy at law waives this objection to jurisdiction on appeal. *Reid* v. *Karoley,* 232 Ark. 261, 337 S.W. 2d 648 (1960); *Stolz* v. *Franklin, supra.* Since the chancery court had jurisdiction the appellant Priddy's argument concerning his right to a jury trial is without merit. Ark. Const. Art. 2, § 7; *State* v. *Churchill,* 48 Ark. 426, 3 S.W. 352.

The appellant Priddy contends that the chancellor erred in admitting evidence prejudicial to Priddy. This assignment relates to evidence of Utica's insurance coverage on Priddy for his errors and omissions. We find no error in this connection. Testimony was to the effect that when Mayer learned that Priddy had not procured coverage as agreed, and con-

fronted Priddy with that fact, Priddy assured Mayer that he would have the same coverage under Priddy's policy from Utica. Utica Mutual was brought into the declaratory judgment action by Mayer as a necessary party. See Ark. Stat. Ann. § 34-2510 (Repl. 1962). Furthermore, Priddy cross complained against Utica and sought relief against Utica under his errors and omissions policy.

Appellant Priddy also contends that in any event, he should be liable to Mayer for no more than the unauthorized premiums he had collected. This contention is prematurely presented and is, therefore, without merit. The chancellor did not render a money judgment for damages against Priddy. The chancellor did not rule on the extent of Priddy's liability to Mayer in damages, if any, but only ruled on Priddy's obligation to Mayer as a result of Priddy's breach of their agreement.

The appellant Utica contends that the chancellor did not have jurisdiction pertaining to the subject matter of the claim against it. This contention is likewise without merit. Utica filed a demurrer for want of jurisdiction, but did not request a transfer to circuit court because there was an adequate remedy at law. We have held a number of times that the proper method of procedure in this type situation is by a motion to transfer and not by demurrer. *The Church of God in Christ* v. *The Bank of Malvern*, 212 Ark. 971, 208 S.W. 2d 770; *Higginbotham* v. *Harper*, 206 Ark. 210, 174 S.W. 2d 668; *Reid* v. *Karoley, supra*. Utica argues that it should not have been subject to this declaratory judgment because its contract with Priddy was not a justiciable issue. In *Andres* v. *First Ark. Dev. Fin. Corp.*, 230 Ark. 594, 324 S.W. 2d 97 (1959), we said:

> Our declaratory judgment act (§ 34-2501 *et seq*, Ark. Stats.) was not intended to allow any question to be presented by any person; the matters must be justiciable. In Anderson on "Declaratory Judgments" 2nd Ed. § 187, the general rule is stated as to declaratory judgments:
>
> Since purpose of the declaratory relief is to liquidate uncertainties and interpretations which might result in future litigation it may be maintained when these pur-

poses may be subserved. The requisite precedent facts or conditions, which the courts generally hold must exist in order that declaratory relief may be obtained, may be summarized as follows: (1) There must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy; in other words, a legally protectable interest; and (4) the issue involved in the controversy must be ripe for judicial determination.

It would appear from the evidence in the case at bar that Mayer did have a legally protectable interest under the errors and omissions policy Utica issued to Priddy. There is no contention that a justiciable issue was absent in Priddy's cross-complaint against Utica. This court has held that in a declaratory judgment action between an insured and insurer disputing the coverage of a liability policy, an injured party possibly covered by the policy is a proper party. *So. Farm Bur. Cas. Ins. Co.* v. *Robinson,* 236 Ark. 268, 365 S.W. 2d 454 (1963). The case at bar resembles *Robinson* except that in the case at bar the declaratory judgment action was brought by the injured party. The record indicates that Utica disputes the extent of its liability under the errors and omissions policy. That issue was not determined by the chancellor and is still available to Utica. The chancellor made no attempt to settle the issue as to the extent of Utica's liability under its policy to Priddy. He only found that Priddy had such policy issued by Utica and adjudged that the policy was in effect during the period of August 5, 1970, to August 5, 1971.

The decree is affirmed.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice, concurring. I concur in the majority opinion, but I feel that I should state the reasons for my agreement on the jurisdictional question. I deplore the tendency to seek declaratory judgments in chancery court when the anticipated action would otherwise be a matter for jury trial. For this reason, such actions for a declaration of

rights should always be carefully scrutinized for the basis of equity jurisdiction. We have held, and properly so, that the mere filing of an action for declaratory judgment does not give the chancery court any jurisdiction it would not otherwise have and that courts of equity could render declaratory judgments only where the subject matter of the declaration is within equity jurisdiction. *Jackson* v. *Smith,* 236 Ark. 419, 366 S.W. 2d 278. See also, *Robinson* v. *Morgan,* 228 Ark. 1091, 312 S.W. 2d 329. When the subject matter is such that a chancery court is totally devoid of power to interfere, it is not necessary that the question of jurisdiction be raised in any particular manner or at any particular time. *Roper* v. *Rodgers,* 249 Ark. 416, 459 S.W. 2d 419; *Robinson* v. *Morgan,* supra.

I do not take this to be a case in which the chancery court is totally devoid of power. As I read the petition of Mayer Aviation, Inc. and the cross-complaint of Priddy, they partake of the nature of an action for specific performance, and did not sound in tort. It seems that the weight of authority supports the view that a prospective insured may elect to sue for negligent failure to obtain or deliver an insurance policy either ex delicto or ex contractu. *Ursini* v. *Goldman,* 118 Conn. 554, 173 A. 789 (1934); *Wiles* v. *Mullinax, Jr.,* 267 N.C. 392, 148 S.E. 2d 229 (1966); *Hall* v. *Charlton,* 447 S.W. 2d 5 (Mo. Ct. App. 1969); *Pittman* v. *Great American Life Ins. Co.,* 512 S.W. 2d 857 (Mo. Ct. App. 1974); *Winans-Carter Corp.* v. *Jay & Benisch,* 107 N.J. Super. 268, 258 A. 2d 131 (1969); *Waldon* v. *The Commercial Bank,* 50 Ala. App. 567, 281 S. 2d 279 (1973); *MacDonald* v. *Carpenter & Pelton, Inc.,* 31 A.D. 2d 952, 298 N.Y.S. 2d 780 (1969).

There was an election here to proceed upon the contract theory. The inquiry then turns to the jurisdiction of equity, which ordinarily cannot be invoked in an action for breach of contract. But it is within the power of a court of equity to award damages for breach of contract when the relief sought is specific performance. *Loveless* v. *Diehl,* 236 Ark. 129, 235 Ark. 805, 364 S.W. 2d 317; *Ashworth* v. *Hankins,* 241 Ark. 629, 408 S.W. 2d 871. Equity does have power to order specific performance of a contract to insure or to deliver a policy of insurance, even though a loss has occurred, if the remedy at law is inadequate. *Henry Clay Fire Ins. Co.* v. *Grayson County State*

*Bank*, 239 Ky. 239, 39 S.W. 2d 482 (1930); *Collins* v. *Aetna Ins. Co.*, 103 Fla. 848, 138 S. 369 (1931); *Gerrish* v. *German Ins. Co.*, 55 N.H. 355 (1875); *Bohnsack* v. *Detroit Trust Co.*, 292 Mich. 167, 290 N.W. 367 (1940), 71 Am. Jur. 2d 137, Specific Performance § 106. Where the chancery court has power to act on the subject matter, but jurisdiction depends upon the inadequacy of the remedy at law, the jurisdiction may be questioned only by a motion to transfer and a failure to move for such a transfer is a waiver of the jurisdictional question. *Stolz* v. *Franklin*, 258 Ark. 999, 531 S.W. 2d 1 (1975); *Titan Oil & Gas, Inc.* v. *Shipley*, 257 Ark. 278, 517 S.W. 2d 210. A demurrer will not be adequate to raise the question. *Reid* v. *Karoley*, 232 Ark. 261, 337 S.W. 2d 648.